■ In the Matter of ELLENBOGEN COMPUTER SERVICES, INC., Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [609 NYS2d 384] —White, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 21, 1992, which assessed Ellenbogen Computer Services, Inc. for additional unemployment insurance contributions.

Following an audit of Ellenbogen Computer Services, Inc. (hereinafter the corporation), the Commissioner of Labor determined it was liable for $896 in unemployment insurance contributions based on the remuneration it paid in 1986 and 1987 to Hyman Ellenbogen, its sole shareholder and employee. The Administrative Law Judge modified the Commissioner's determination by reducing the amount of contributions predicated upon his finding that Ellenbogen received $6,797 in remuneration in 1986 rather than the $7,000 the Commissioner assessed. The Unemployment Insurance Appeal Board affirmed the Administration Law Judge's decision and this appeal ensued.

The disposition of this appeal turns on the question of whether certain corporate payments to Ellenbogen that were not denominated as salary and the corporation's net Subchapter S income can be considered remuneration. In making this determination, we look at the substance, not the form, of the transactions at issue. The salient factor here is that Ellenbogen paid scant attention to the distinction between the corporation's interest and his personal affairs, thereby inviting close scrutiny of the arrangements between himself and the

corporation. Applying this standard, the Board's determination should be affirmed due to Ellenbogen's failure to produce adequate documentation substantiating his claim that the payments he received from the corporation represented the repayment of a loan he made to it and reimbursement for corporate expenses he paid from his personal funds *(see, Matter of Preferred Computer Trading Corp.,* 173 AD2d 1031). Additionally, under these circumstances, the corporation's Subchapter S net income was properly considered remuneration, particularly where the corporation did not pay Ellenbogen a salary for his substantial services *(see, Matter of R.S. Smero, Inc.,* 51 AD2d 273; *see also, Spicer Accounting v United States,* 918 F2d 90; *Joseph Radtke, S.C. v United States,* 712 F Supp 143, *affd* 895 F2d 1196 [construing the comparable Federal unemployment tax statute]).

We have considered the corporation's other contentions and have found them to be without merit.

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.