■ In the Matter of the Claim of June M. Higgins, Appellant. Troy Building, Inc., Respondent; Commissioner of Labor, Respondent. [677 NYS2d 812] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1997, which ruled, *inter alia*, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

Claimant collected unemployment insurance benefits after being laid off from her employment as an office manager for her husband's construction business. Claimant admitted that she continued to sign checks on behalf of the employer during this period. The Unemployment Insurance Appeal Board ruled that claimant was not totally unemployed and charged her with a recoverable overpayment based upon a finding that she made willful false statements to obtain benefits. The record establishes that claimant had read the unemployment insurance manual which explained that even minor duties performed for a relative without remuneration may be considered employment. Given this evidence and the fact that claimant certified that she performed no work during the period in question, we conclude that substantial evidence supports the Board's finding that she made willful false statements (*see, Matter of Sheinfeld [Sweeney]*, 244 AD2d 943). Although claimant testified that she reported her check-writing activities to the local unemployment insurance office and was told this would not affect her eligibility for benefits, this created a credibility issue for the Board to resolve. Furthermore, claimant's W-2 tax withholding form and the construction company's payroll check listing support the Board's finding that claimant received $11,000 in remuneration during the base period of her claim (*see, Matter of Ellenbogen Computer Servs. [Hudacs]*, 202 AD2d 825).

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.