In the Matter of the Claim of DEBRA DOBBS, Appellant. COMMISSIONER OF LABOR, Respondent. [715 NYS2d 260] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 1, 1999, as amended by decision filed June 15, 2000, which ruled that claimant made a willful false statement to obtain benefits.

By decision dated March 24, 1997, the Unemployment Insurance Appeal Board affirmed a decision finding that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed during the relevant time period. The Board, however, remanded the matter for a further hearing regarding the finding of willful misrepresentation. By decision filed June 1, 1999, the Board affirmed a decision finding that claimant made willful false statements to obtain benefits, assessing her a recoverable overpayment of benefits and loss of benefit days. Claimant then appealed. Upon its own motion, the Board reopened its prior decision and, by decision filed June 15, 2000, rescinded its June 1, 1999 decision and sustained the initial decision finding that claimant made a single willful misrepresentation, assessed an overpayment of $7,800 and reduced claimant's right to future benefits by eight effective days.

Initially, inasmuch as claimant failed to appeal from the March 24, 1997 decision ruling that she was not totally unemployed during the period in question, that decision became final (see, Labor Law § 623 [1]) and the Board was bound by the factual findings thereof in determining claimant's later appeal regarding the willful misrepresentation. Accordingly, any challenge to the March 24, 1997 decision is not properly before this Court (see, Matter of Stock [Commissioner of Labor], 249 AD2d 662).

Next, we find that substantial evidence supports the decision of the Board finding that claimant made a willful false statement to obtain benefits, thereby reducing her right to receive future benefits and assessing her a recoverable overpayment of benefits. The record discloses that claimant was a licensed real estate broker and had received commission checks during the period she was collecting unemployment insurance benefits. Notwithstanding her receipt of an unemployment information booklet, claimant nevertheless indicated on her April 11, 1994 application for benefits that she was not engaged in any business or other activity that brings in or may bring in income. Given claimant's willful misrepresentation on her application

for benefits, the overpayment of benefits was properly recoverable (*see,* Labor Law § 597 [4]). Accordingly, we find no reason to disturb the Board's finding (*see, e.g,, Matter of Kaganovich [Commissioner of Labor],* 254 AD2d 670; *Matter of Higgins [Troy Bldg.—Commissioner of Labor],* 253 AD2d 934).

Mercure, J. P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision filed June 1, 1999, as amended by decision filed June 15, 2000, is affirmed, without costs.