*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 16, 2015                    519469
_____

In the Matter of JD STATION
    PLAZA REALTY INC.,
                        Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  February 9, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

_____

        Jeffrey Schwartz, New Rochelle, for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed July 3, 2014, which assessed JD Station Plaza Realty
Inc. for additional unemployment insurance contributions.

        Following an audit, JD Station Plaza Realty Inc. was
assessed $1,519.18 in unemployment insurance contributions based
upon remuneration it paid to John DeRaffele, its sole shareholder
and president.  Because JD Station is a subchapter S corporation,
its net income during the period in question passed through to
DeRaffele, who reported it on his personal income tax returns
(see 26 USC § 1366).  The Unemployment Insurance Appeal Board
accordingly found that JD Station was liable for additional
unemployment insurance contributions, and JD Station now appeals.

     We affirm.  "Any employer shall become liable for
contributions under this article if he [or she] has paid
remuneration of [$300] or more in any calendar quarter" (Labor
Law § 560 [1]).  Remuneration, in turn, "is defined to include
'every form of compensation for employment paid by an employer to
his [or her] employee'" (Matter of Chernavsky [Commissioner of
Labor], 76 AD3d 739, 740 [2010], quoting Labor Law § 517 [1]).
DeRaffele was not paid a salary despite performing services for
JD Station, but nevertheless received the net income from the
corporation.  Substantial evidence thus supports the Board's
finding that "the corporation's [s]ubchapter S net income was
. . . remuneration," notwithstanding DeRaffele's contention that
he invested most of that income back into JD Station (Matter of
Ellenbogen Computer Servs. [Hudacs], 202 AD2d 825, 826 [1994];
see Matter of R.S. Smero, Inc. [Levine], 51 AD2d 273, 276 [1976];
see also Matter of Preferred Computer Trading Corp. [Hartnett],
173 AD2d 1031, 1031-1032 [1991]).

     McCarthy, Egan Jr. and Clark, JJ., concur.



     ORDERED that the decision is affirmed, without costs.




               ENTER:


               Robert D. Mayberger
               Clerk of the Court