ISAAC BEAKLY, DEFENDANT IN ERROR, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CAMDEN, PLAINTIFF IN ERROR.

Submitted March 27, 1911—Decided June 22, 1911.

1.  Under section 140 of the Practice act (*Pamph. L.* 1903, *p.* 575), which provides that the written answers to written interrogatories submitted before trial upon any matter material to the issue shall be evidence in the action if offered by the party proposing the interrogatories, but not otherwise, the action of the trial judge in permitting the answers to several interrogatories to be offered and read in evidence without admitting the answers to the remaining interrogatories, cannot be said to be erroneous when there was no showing nor offer to show, either in the trial court or in the reviewing court, that the remaining answers were material to the issue or that they tended to explain, qualify or limit the answers admitted.

2.  As regards injuries by third persons which affect solely the possession and use of premises by a tenant paying a yearly rental therefor, the landlord cannot maintain any action.  The right of action for such deprivation is solely in the tenant.

---

On error to the Supreme Court.

For the plaintiff in error, *George J. Bergen* and *Carrow & Kraft.*

For the defendant in error, *Lewis Starr.*

The opinion of the court was delivered by

TRENCHARD, J.  This action was brought by Isaac E. Beakly against the board of chosen freeholders of the county of Cam-

den for damages alleged to have been done to a meadow belonging to him and abutting on a public road, known as the Camden and Blackwoodtown turnpike. This turnpike road was purchased by the county some years prior to the beginning of this action.

The evidence, at the trial at the Camden Circuit, upon the part of the plaintiff, tended to show that at the time of the purchase there was a brick culvert running under the road which, with another outlet, carried off a natural stream of water and surface drainage from the plaintiff's meadow; that this culvert was stopped up by the defendant and a new provision made which was intended to take care of the water from the plaintiff's meadow; that this provision was inadequate, the meadow was flooded more or less, and this action was brought.

The trial resulted in a verdict for the plaintiff, and this writ of error sued out by the defendant brings up for review the judgment entered thereon.

The first assignment of error argued is that the court wrongfully permitted the answers to several interrogatories to be put in evidence without requiring them all to be put in.

It appears that before trial the plaintiff served upon the defendant several written interrogatories in pursuance of section 140 of the Practice act. *Pamph. L.* 1903, *p.* 575. That section provides that after an action is at issue either party may serve on the adverse party written interrogatories upon any matter material to the issue, and the answer shall be evidence in the action if offered by the party proposing the interrogatories, but not otherwise. The defendant answered in writing. At the trial the plaintiff's counsel offered and read in evidence some of the interrogatories and answers to the jury, but refused to read them all. Counsel for the defendant objected to his reading part of the interrogatories, saying, "I think the plaintiff must read all the interrogatories and all the answers." The court held that the plaintiff was not obliged to do this; that he might choose those which he saw fit, provided he read all those which had relation to the matter concerning which

the interrogatories spoke.  In *Cetofonte* v. *Camden Coke Co.*, 49 *Vroom* 662, a similar question came before this court.  The matter is thus dealt with in the opinion: "At the trial the plaintiff offered in evidence and read one of the several answers made by the Camden Coke Company.  The defendant objected to the admission of that answer unless the answers to all of the interrogatories submitted and answered were put in.  There was no showing, nor offer to show, either in the court below or here, that the remaining answers were material to the issue or that they tended to explain, qualify or limit the answer admitted.  Clearly, in the absence of such showing, the action of the trial judge cannot be said to be erroneous.  What the result might have been in a different situation, we are not called upon to determine."

The situation in the present case is identical with that in the case cited.  There can be no reversal, therefore, upon this ground.

It is further contended that there was error in the charge of the court contained in the following instruction: "The plaintiff is entitled to recover, in case the verdict is in his favor, compensation for the loss which he sustained by reason of being prevented from using the meadow as he did before the commission of the defendant's wrongful act, from the time when the damage began until the date when this suit was commenced."

This was charged in response to a request of plaintiff's counsel.  We think it was erroneous.  The stopping up of the culvert occurred in June, 1907.  At that time the property was not in the possession of the plaintiff, but in his tenant, who paid the plaintiff a yearly rental of $300 therefor.  It remained in the possession of that tenant (one Johnson) until the spring of 1909.  When Johnson left, one Wolfe became the tenant, and continued to be such until this suit was begun in October, 1909.  It is evident, therefore, that the right of possession and use was not in the plaintiff, but in his tenant, and for the deprivation thereof the tenant, and not the landlord, is entitled to compensation.  18 *Am. & Eng. Encycl. L.* (*2d ed.*) 452.

640 COURT OF ERRORS AND APPEALS.

Crotois v. Penna. R. R. Co.        *81 N. J. L.*

No doubt the plaintiff (the landlord) has his remedy against the defendant for any injuries to the demised premises which injuriously affect his reversionary interest. 18 *Am. & Eng. Encycl. L.* (*2d ed.*) 450.

But because of such erroneous instruction, the judgment below will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 13.