McGAVOCK *v.* HEALY.

1. LANDLORD AND TENANT—REFUSAL TO PAY RENT—WRONGFUL ACTS OF THIRD PARTY.

Tenant may not excuse refusal to pay rent or disavow liability under lease by reason of wrongful acts of a third party.

2. SAME—POSSESSION — MUNICIPAL CORPORATIONS — CONTRACTORS— DAMAGES.

Landlord cannot maintain action for damages against municipality and a sewer construction contractor for alleged nuisance while tenant was in possession, there being no permanent injury to premises.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 11, 1933. (Docket No. 13, Calendar No. 37,144.) Decided December 5, 1933.

Case by Emma T. McGavock against Stephen A. Healy and City of Detroit for damages to real estate. Judgment for defendants. Plaintiff appeals. Affirmed.

*Frank Martin* and *Hugh C. Chedester,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant Healy.

*James R. Walsh,* Assistant Corporation Counsel, for defendant City of Detroit.

BUTZEL, J.   In a suit brought against Stephen A. Healy and the city of Detroit, Emma T. McGavock, plaintiff, claimed to be the owner of a store building located on the south side of East Jefferson avenue, just east of Meldrum avenue, in the city of Detroit. She alleges that on October 1, 1927, Stephen A. Healy, in accordance with a contract with the city of Detroit for the construction of a sewer, sank a shaft slightly to the west of the front of the store and erected a structure some 20 feet high for hoisting dirt into trucks; that he also built an inclosure around the shaft and hoist, which extended from the westerly corner of plaintiff's store, across the sidewalk and into the street at such an angle that the inclosure projected approximately to the middle of the front of plaintiff's building; that the structure was maintained and used from October 1, 1927, until May 1, 1928, and that the operation of the hoist and the structure itself constituted a nuisance, resulting in the accumulation of dirt and penetration of dust, and rendering ingress and egress to and from the store difficult.

The store building was under lease to a tenant for a period of three years from March 1, 1927. The tenant claimed that his enjoyment of the premises was disturbed by the alleged nuisance and refused to pay rent after October 1, 1927, finally vacating the premises on April 1, 1928.

Plaintiff alleges upon information and belief that the tenant is insolvent; that she cannot collect the rent that accrued between October 1, 1927, and April 1, 1928, while the tenant was still in possession, nor the rent that later became due under the lease; that the premises remained unoccupied for a

considerable period thereafter, and that they were finally leased at a reduced rental for the balance of the term. No claim is made for any damage to the building or land after May 1, 1928.

We need not discuss the liability, if any, of defendants to the tenant for the alleged obstruction and accumulation of dirt and dust. Plaintiff cannot recover for loss of rent in the instant suit. The tenant remained liable for the rent, which fell due on the first day of every month during the life of the lease. A tenant may not excuse his refusal to pay rent or disavow his liability under a lease by reason of the wrongful acts of a third party. · McKenzie v. Hatton, 141 N. Y. 6 (35 N. E. 929); 2 Tiffany, Landlord and Tenant, p. 1301. There being no proof of any permanent injury, plaintiff cannot maintain an action against defendants for their alleged wrongful acts while the tenant was in possession. Plaintiff does not claim that the nuisance continued to exist after the first day of May, 1928, at which time the tenant was no longer in possession, although the lease still continued in force.

The trial judge properly rendered judgment of no cause of action in favor of defendants. If there was any liability on the part of defendants, it was to the tenant. Were plaintiff allowed to recover, then defendants might be held liable twice and plaintiff might possibly recover from both tenant and defendants for the identical injury. Miller v. Edison Electric Illuminating Co., 184 N. Y. 17 (76 N. E. 734, 3 L. R. A. [N. S.] 1060, 1065, 6 Ann. Cas. 146); Tiffany, Landlord and Tenant, p. 2114.

The judgment of no cause of action is affirmed, with costs to defendants.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.