■ In the Matter of the Claim of CATHERINE A. MURPHY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 11, 1972, which disqualified claimant from receiving benefits upon the ground that she had not filed a valid original claim. Appellant, the sole stockholder of the employer corporation, filed a claim for unemployment benefits effective February 21, 1972, thereby establishing a base period from February 22, 1971 through February 20, 1972 (Labor Law, § 520). A "valid original claim" under subdivision 1 of section 527 is a claim filed by a claimant who, *inter alia*, "(d) has had at least twenty weeks of employment in the fifty-two week period preceding the filing of such claim; (e) has earned remuneration * * * in at least twenty weeks of employment in such fifty-two week period." Under section 517 (subd.

2, par. [d]) as in effect prior to January 1, 1972, there is specifically excluded from the definition of remuneration, "Compensation paid by a corporation to an employee who is a principal stockholder" unless that corporation was subject to the Federal unemployment tax. There is no dispute here that, prior to January 1, 1972, the employer was not subject to the Federal tax because it did not employ at least four persons during the requisite time (U. S. Code, tit. 26, § 3306, subd. [a]). In addition, under section 524, in effect prior to January 1, 1972, an employee who was a principal stockholder of an employer corporation could not accrue weeks of employment unless his compensation constituted remuneration as defined in section 517. The restrictive provisions of section 517 (subd. 2, par. [d]) and section 524 under which appellant would be barred from earning the remuneration and accruing the weeks of unemployment necessary for the filing of a valid original claim were repealed by chapter 212 of the Laws of 1972, effective January 1, 1972. Appellant's claim was filed February 21, 1972. The question thus raised is whether the provisions in effect prior to January 1, 1972 are applicable to a claim filed thereafter, where a claimant could not satisfy the 20 weeks' requirement for a valid original claim without including weeks of employment during the period when the repealed statutes were in effect. Our answer must be in the affirmative. The repeal of section 517 (subd. 2, par. [d]) and the amendment of section 524 were designed to bring New York's Unemployment Insurance Law into conformity with relevant provisions of Federal law (see McKinney's 1972 Sess. Laws, pp. 3269–70). By public law 91–373 (84 U. S. Stat. 696), subdivision (a) of section 3306 of title 26 of the United States Code was amended effective January 1, 1972 to cover almost all employers, not merely those employing four or more persons, including appellant's employer. It thus appears that appellant's employer would have been subject to applicable unemployment insurance taxes as of January 1, 1972. The record is clear that the employer paid no taxes for the period prior thereto as far back as 1968. The Legislature could not have intended to provide coverage in situations where employers had not been subject to the unemployment tax. We therefore conclude that appellant cannot be relieved of the limitations imposed by the statutes in effect prior to January 1, 1972 merely because she filed her claim thereafter, unless she had had 20 weeks of employment, as defined by section 524 as amended, and had earned remuneration in such 20 weeks, after January 1, 1972. Decision affirmed, without costs. Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.