In the Matter of R. S. SMERO, INC., Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, March 18, 1976

*King, Murphy & Fitzsimmons* for appellant.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz, Murray Sylvester* and *Edward R. Moss* of counsel), for respondent.

MAIN, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed September 6, 1974, which sustained the decision of a referee affirming an initial determination of the Industrial Commissioner assessing the employer $970.68 as additional contributions due from the employer for the period January 1, 1971 through September 30, 1973 by reason of moneys withdrawn by its president during that period.

The employer is a corporation engaged in the construction business in and about Saratoga County. It is the successor, in part, to a similar business operated by R. Smero who is its president and owner of 90% of the stock. The balance of the stock is held by the president's wife who is the secretary of the corporation and does a good share of its bookkeeping. Mr. Smero supervises the performance of the corporation's contracts and with his foreman directs the additional four or more employees of the corporation. He also assists with the

bookkeeping and has sole authority to write corporate checks. Twice a month Mr. Smero received checks during the period in question in varying amounts ranging from $130 to $500. Early in 1971 the corporation filed an election requesting that it be treated as a subchapter S corporation and since that time filed its corporate tax returns as such. The board found that the relationship between the corporation and Mr. Smero was that of employer and employee and that the periodic withdrawals constituted taxable remuneration within the meaning of subdivision 1 of section 517 of the Labor Law and required that the corporation pay unemployment insurance premiums. There is substantial evidence to support the board's determination.

The employer, while conceding that it must make contributions for its other employees, contends firstly that, since its president could not himself receive unemployment insurance benefits, the corporation is not required to make contributions for him. Secondly, it maintains that, since it is a subchapter S corporation (US Code, tit 26, § 1371 *et seq.*), it is a corporation in name only and, therefore, its president should be treated as a self-employed individual for whom unemployment insurance contributions are not required.

Both of the employer's contentions are wholly untenable. The employer's president and principal stockholder would not automatically be ineligible for benefits by reason of holding that position and owning the stock as the employer contends. Where a corporate officer is employed by a covered employer and becomes unemployed and is not subject to disqualification, he is entitled to unemployment insurance benefits. (See *Matter of Farr [Catherwood]*, 28 AD2d 1168; *Matter of Voss Co. [Lubin]*, 2 AD2d 626.) Also, with the repeal of section 517 (subd 2, par [d]) of the Labor Law by chapter 212 of the Laws of 1972, effective Januray 1, 1972, compensation paid to an employee who was also a principal stockholder was no longer excluded remuneration so that principal stockholders are entitled to benefits, if not subject to other disqualification (cf. *Matter of Murphy [Levine]*, 42 AD2d 650). It is noteworthy that the repeal of section 517 (subd 2, par [d]) and the amendment of section 524 were designed to bring New York's Unemployment Insurance Law into conformity with relevant provisions of Federal law (see NY Legis Ann, 1972, p 246). By Public Law 91-373 (84 US Stat 696), subdivision (a) of section 3306 of title 26 of the United States Code was amended,

effective January 1, 1972, to extend coverage to, almost all employees. These changes in Federal and State law clearly evince a desire to extend coverage.

Claimant's second contention, that its election to be treated as a subchapter S corporation (US Code, tit 26, § 1371 *et seq.),* places its president in the same position as a self-employed individual for whom unemployment insurance premiums need not be paid, is without merit. The clear purpose of the subchapter S section is to enable a small business entity to select the type or form of business organization it desires without being forced to take into account the major differences in tax consequences which prevail *(Byrne v Commissioner of Internal Revenue,* 361 F2d 939). Subchapter S merely makes available to certain small corporations the same income tax treatment available to similarly structured proprietorships and partnerships, and it was not intended to eliminate all distinctions between sole proprietorships, partnerships and corporations — even small business corporations *(Neal v United States,* 313 F Supp 393). It is purely a Federal income tax chapter providing income tax advantages which are accomplished in a manner which does not involve ignoring the corporate entity (see *United States v Richardson,* 469 F2d 349). The relief it provides is confined to the income tax only, and it was not intended to eliminate the necessity of paying premiums due for unemployment insurance coverage.

Even though repeal of section 517 (subd 2, par [d]) was not effective until January 1, 1972, the employer is additionally liable for the period prior thereto, as determined by the board, because the corporation was charged in 1971 with taxes imposed by the Federal Unemployment Tax Act on the compensation of the principal stockholder pursuant to subdivision (a) of section 3306 of title 26 of the United States Code.

The decision should be affirmed, without costs.

KOREMAN, P. J., SWEENEY, KANE and MAHONEY, JJ., concur.

Decision affirmed, without costs.