**Dean HADDEN and Wife, Barbara Hadden, Appellees,**

v.

**CITY OF GATLINBURG, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

March 7, 1988.

---

Robert H. Watson, Jr., Watson, Erickson & Emert, Knoxville, for appellant.

Ben D. Brabson, Jr. and Charles W. Kite, Brabson and Kite, Sevierville, for appellees.

## OPINION

COOPER, Justice.

The City of Gatlinburg has appealed from a judgment awarding Dean and Barbara Hadden $10,000.00 in damages caused by a temporary nuisance which interfered with the operation of the Greenbriar Inn, located on Newman Road in the City of Gatlinburg. Appellant insists that the Haddens sustained no damages in their own right, and do not have standing to bring suit to recover losses incurred by the Greenbrier Lodge, Inc. in the operation of the restaurant.

The Greenbriar Inn is located on property owned by the Haddens and leased to the Greenbrier Lodge, Inc., a subchapter-S corporation. The corporation operates the Greenbrier Inn. Plaintiffs and their daughter are the stockholders of Greenbrier Lodge, Inc.

In October, 1981, the City of Gatlinburg began construction of water system improvements along Newman Road, the only access road to the restaurant. During the construction, which took approximately nine months, Newman Road was more often than not impassible and the restaurant's business fell off significantly. Plaintiffs then brought this action to recover

damages for "the loss of use of the plaintiffs' property." [1]

On the day of trial, motion was made to dismiss the action on the grounds that the proper party, i.e., the corporation, was not before the court. The trial court held, however, that the plaintiffs were the proper parties since "the corporation was acting under subchapter-S as a small business corporation which paid no taxes and which [sic] losses were those of the plaintiff, the stockholders being man and wife."

The Court of Appeals, with one judge dissenting, affirmed the judgment of the trial court, holding that plaintiffs, as owners of the restaurant building and the land upon which it is located, had suffered injury to their present interest in the improved real property. It noted, "[o]ur decision in this case is for the Haddens in their own right. . . . Since their recovery in their own right is the maximum available under the Governmental Tort Liability Act, however, they would recover no more whether the corporation's losses were theirs or not. We thus expressly decline to consider whether they may recover as Greenbrier Lodge, Inc." The majority then awarded the Haddens the diminution of rental value of the property as damages.

From our review of the record, there is no basis for a recovery by plaintiffs of damages resulting from a temporary nuisance either in plaintiffs' "own right" or as a subchapter-S corporation.

Plaintiffs and the corporation share two relationships pertinent to a decision in this case. The first is that of stockholders and corporation, the second of landlord and tenant.

■ A corporation and its stockholders are distinct legal entities even if all the stock in the corporation is owned by one stockholder. *See Parker v. Bethel Hotel Co.,* 96 Tenn. 252, 34 S.W. 209, 215 (1896). Even a stockholder who is the sole shareholder of a corporation may not bring a suit to right a wrong done to the corporation *See Lockhart v. Moore,* 25 Tenn.App. 456, 159 S.W.2d 438, 443 (1941); 1 Fletcher Cyclopedia of the Law of Private Corporations § 36 (1983 rev.). Stockholders may bring an action individually to recover for an injury done directly to them distinct from that incurred by the corporation and arising out of a special duty owed to the shareholders by the wrongdoer. *See Grogan v. Garner,* 806 F.2d 829, 834–836 (8th Cir.1986); *Schaffer v. Universal Rundle Corp.,* 397 F.2d 893 (5th Cir.1968); *Martin v. Maldonado,* 572 P.2d 763, 773 (Alaska 1977).

■ Where the relationship is that of landlord and tenant, as is pointed out in the dissenting opinion in the Court of Appeals, the general rule is that the landlord has no right of action if a nuisance is of a temporary character affecting the possession and comfortable enjoyment of the premises by the tenant without injuring the reversion. The cause of action is in favor of the tenant. *McGavock v. Healy,* 265 Mich. 145, 251 N.W. 315 (1933); *Beakley v. Board of Chosen Freeholders of Camden County,* 81 N.J.L. 637, 80 A. 457, 458–459 (1911); *Miller v. Edison Electric Illuminating Co.,* 184 N.Y. 17, 76 N.E. 734 (1906); 49 Am.Jur.2d, Landlord and Tenant § 86 (1970).

This rule was recognized in *Fox v. Corbitt,* 137 Tenn. 466, 471, 194 S.W. 88, 89 (1917), where this court countered an argument that the proper party to bring suit for a temporary nuisance was the landlord by stating:

It seems clear that the owner of the freehold is not entitled to recover for injuries to the possession and enjoyment of the premises while they are in the possession of a tenant, where the nuisance is not of a permanent character. *Miller v. Edison, etc. Co.,* 184 N.Y. 17, 76 N.E. 734, 3 L.R.A.(N.S.), 1060, 6 Ann. Cas., 146. The wrongful act may affect

---

**1.** The plaintiffs originally filed what they denominated as an inverse condemnation suit. On interlocutory appeal, the Court of Appeals held that any damages to the property of the owners by reason of the construction was temporary and not the result of a taking by the City of Gatlinburg, and remanded the case to be tried as one for temporary nuisance. No appeal was sought from this ruling by either of the parties.

two different estates or interests in the same property; and the owner of each should have his right of action. The tenant's relief is for injury done him in that the enjoyment or usable value of the premises, *during his holding is diminished*. Tiffany, Landlord and Tenant 2124; 29 Cyc., 1258.

Generally, the landlord may not recover diminution in rental value of the land where a nuisance is created after the leasing of the premises. *See Stovern v. Town of Calmar*, 204 Iowa 983, 216 N.W. 112, 115 (1927). This is true even though the tenant may refuse to pay rent because of the nuisance and vacate the premises so that the building may eventually be rented at a reduced rate. The landlord's cause of action is against the tenant under his lease. *McGavock v. Healy*, 265 Mich. 145, 251 N.W. 315 (1933).

In this case it is undisputed that the corporation leased the real property, prior to the creation of the temporary nuisance. The injuries complained of were to the corporation's restaurant business and there was no permanent injury to the plaintiffs' reversionary interest. The record does show that the corporation was unable to pay its monthly rent, which, was set at the amount of the plaintiffs' mortgage payments, as it had in the past so that the plaintiffs were forced to seek loans; but under the rule in *Stovern v. Town of Calmar, supra*, this would not entitle the plaintiffs, as lessors, to an award for diminution in rental value during the existence of the lease.

The record does show that the plaintiffs did not strictly recognize the corporation as an entity separate from themselves. The corporation was a closely held corporation and as a practical matter the injury sustained by the corporation directly affected the plaintiffs. But this fact does not entitle plaintiffs to bring a cause of action to recover damages sustained by the corporation, even where the corporation's status is that of a subchapter-S corporation under 26 U.S.C. § 1371. First, plaintiffs are not the sole stockholders of the subchapter-S corporation. But, more impor-

tantly, subchapter-S status pertains only to a corporation and shareholder's tax liability and does not affect the general law of corporations. *See R.S. Smero, Inc. v. Levine*, 51 A.D.2d 273, 381 N.Y.S.2d 337, 339 (1976); 4 Cavitch, Business Organizations § 77.01 et seq. (1987). *See also, Shelby County v. Barden*, 527 S.W.2d 124, 129–130 (1975), wherein this court pointed out that:

> ... [W]here parties have deliberately undertaken to do business in corporate form, for tax purposes, accounting and other reasons, they must be held to the corporate form and they cannot shunt aside at their convenience legal entities and the legal aspects thereof. Thus it will simply not do for the landowners to state that they do not really care how damages are apportioned. The law itself requires apportionment between the lessor and the lessee where separate interests are taken or impaired by public improvements, and parties simply must conform their proof to the legal measures of damages prescribed, no matter how artificial or confining these rules may seem to be. The corporate tenant had been deliberately created, and it was paying rent, which it deducted upon its tax returns, and which was reported as income by the landowners. The burden of proof rested upon the corporate tenant to prove the damage to its access right, if any, by competent evidence based upon the difference between the rental required under the lease and the market value of the leasehold.

527 S.W.2d at 130.

The distinction between the corporate lessee and stockholder lessor was not observed in the present case. Although the majority of the Court of Appeals found individual injury to the plaintiffs in their own right as landlords and stockholders, the proof does not support the holding. The injury from the temporary nuisance was to the corporation, who was the lessee and operator of the restaurant. There was no injury to the reversionary interest. Further, the nuisance was temporary and was created after the plaintiffs had leased the

property to the lessor. As a consequence, the plaintiffs had no right to damages based on an alleged diminution of rental value of the leased property.

The judgment awarding damages to the plaintiffs is reversed, and the case is dismissed. Costs of the cause will be paid by plaintiffs and their surety.

HARBISON, C.J., and FONES, DROWOTA and O'BRIEN, JJ., concur.