IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 17, 2005 Session

## IN THE MATTER OF:  J-BAR CORPORATION, A Tennessee Corporation, BEN A. DICKE, ET AL. v. RONALD LEE PARRISH, ET AL.

**Direct Appeal from the Chancery Court for Sumner County**
**No. 2003C-46      Tom E. Gray, Chancellor**

_____

**No. M2004-02279-COA-R3-CV - Filed January 17, 2006**

_____

Appellants Ben and Janice Dick ("the Dickes") appeal the trial court's grant of pre-judgment interest against the J-Bar Corporation ("J-Bar") on a promissory note issued by J-Bar to Appellees Ronald and Judith Parrish.  Because we find that the Dickes lack standing to appeal this issue, we dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Michael V. Thompson, Nashville, Tennessee, for the appellants, Ben A. Dicke and Janice K. Dicke

Thomas E. Stewart, Madison, Tennessee, for the appellees, Ronald Lee Parrish and Judith Darlene Parrish.

**OPINION**

**Factual Background and Procedural History**

Appellants, Ben and Janice Dicke ("the Dickes"), and Appellees, Ronald and Judith Parrish ("the Parrishes") formed the J-Bar Corporation ("J-Bar")[1] in 1999 with the intent to operate two businesses under the ageis of J-Bar and split the profits.  However, the parties later became at odds over routine operation of the businesses, taxes, profits, and other business related issues.  Having reached an impasse, on February 7, 2003, the Dickes filed a "Petition to Dissolve Corporation and For Appointment of a Receiver" in the Chancery Court for Sumner County, Tennessee.  Thereafter, the Parrishes filed a complaint asking the trial court, inter alia, for a corporate accounting, equitable distribution of corporation assets, and dissolution.  The Parrishes

_____

[1]The J-Bar Corporation was incorporated and organized under the laws of the State of Tennessee.

also claimed that they had made a $75,000 loan to J-Bar and sought recoupment of the unpaid balance, which totaled $68,900 at the time of filing. The court subsequently consolidated the above causes of action and issued an order on May 12, 2003, directing J-Bar to continue business during the litigation, designating an auditor of the corporate books, and appointing corporate counsel for J-Bar.

On December 15, 2003, the Parrishes filed a motion claiming that they held a promissory note for a loan made to J-Bar in the amount of $107,000. The said promissory note was dated April 16, 2000, signed by J-Bar president Ben Dicke, and promised to pay the Parrishes $107,000 "on demand." While the promissory note did not set out an interest rate for the loan, it did state that "[d]emand, notice, and protest are expressly waived and if not paid in full at the time and the manner above specified, then all principal and *accrued interest* shall, at the option of the legal holder hereof, become at once due and payable without notice." (emphasis added). In their motion, the Parrishes sought "judgment for and in the amount of $107,000.00, plus [pre-judgment] interest in the amount of 10% per year or $10,700.00 per year for the last 3 years for total interest in the amount of $32,100.00 and a grand total for interest and principal of $139,100.00."

On February 12, 2004, counsel for J-Bar filed a motion seeking an order approving the sale of corporate assets. The trial court granted J-Bar's motion on February 20, 2004, and, after completion of the sale, the proceeds were tendered into the Clerk and Master. On June 14, 2004, the Parrishes filed a motion seeking distribution of the funds. Two days later, the trial court entered an order stating:

> This matter came on to be heard on the 23rd day of February, 2004[,] and the Court having heard the testimony of Ronald Parrish and Judith Darlene Parrish and Janice K. Dicke and Ben A. Dicke, the statements of counsel of Ronald Parish and Judith Darlene Parrish and statements of counsel for Ben A. Dicke and Janice K. Dicke and statements of counsel for J-Bar Corporation and having submitted exhibits, the Court finds that Ronald Lee Parrish and Judith Darlene Parrish are credible witnesses and that Ben A. Dicke's testimony is not credible. Further the Court finds that the Parrish[es] made a loan to the corporation and that the loan has not been repaid and that the loan shall be a priority distribution upon the sale of J-Bar Corporation. Judgment is entered in favor of Ronald Lee Parrish and Judith Darlene Parrish for $107,000 against J-Bar Corporation for which execution may issue. Pre-Judgment interest at 10% per year from date of loan is awarded. The Court finds that the attorney's fees for representing J-Bar Corporation shall be a priority payment from the proceeds and the loan of the Parrish[es] priority payment.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:
> 1.
> J-Bar Corporation's assets shall be sold
> 2.

The attorney's fees for representation of J-Bar Corporation shall be a priority payment from the proceeds of the sale.

3.

Judgment is entered in favor of Ronald Lee Parrish and Judith Darlene Parrish for $107,000 *against J-Bar Corporation* and Ronald Lee Parrish and Judith Lee Parrish are awarded pre-judgment interest at 10% from date of note and execution may issue, if necessary.[2]

4.

All other matters not addressed in this order are reserved.

(emphasis added).

On August 6, 2004, counsel for J-Bar filed a motion stating that the Clerk and Master held a total of $115,112.93 in corporate assets and that, after calculating prior payments of principal debt plus pre-judgment interest, the Parrishes were due a total a balance of $116,848.38 on their initial $107,000 loan to J-Bar. The court issued a "Final Order" on August 17, 2004, ordering the Clerk and Master to first pay all corporate debts, expenses, and costs owed, and then pay the balance of the corporate assets (totaling approximately $109,587.43) to the Parrishes to partially satisfy the $116,848.38 owed by J-Bar. The Dickes appeal raising the sole issue of whether the trial court erred in awarding the Parrishes pre-judgment interest on their judgment against J-Bar. Because we find that the Dickes lack standing to pursue this issue, we dismiss this appeal.

**Analysis**

A corporation is a distinct legal entity separate and apart from its shareholders and officers. *Hadden v. City of Gatlinburg*, 746 S.W.2d 687, 689 (Tenn. 1988). "The responsibility for managing a corporation's business and affairs falls on its officers and directors, not its shareholders." *Lewis on Behalf of Citizens Savings Bank & Trust Co. v. Boyd*, 838 S.W.2d 215, 220 (Tenn. Ct. App. 1992) (citing *Boyd v. Sims*, 11 S.W. 948, 949 (Tenn. 1899)). Generally, an individual stockholder "cannot prosecute an appeal or writ of error from or to a judgment, order, or decree against the corporation by which he is only indirectly affected [as a shareholder]." 4 C.J.S. *Appeal and Error* § 178 (2005) (citing, among other cases, the decision by this Court in *Lockhart v. Moore*, 159 S.W.2d 438 (Tenn. Ct. App. 1941)). Tennessee courts have further held that even when a corporation has one sole shareholder, such shareholder still may not bring suit to right wrongs done to the corporation. *Hadden*, 746 S.W.2d at 689. Rather, the responsibility

---

[2]As quoted above, the court granted the Parrishes a $107,000 judgment against J-Bar Corporation alone. Upon review of the record, nothing indicates that the Dickes are in any way personally liable for this debt.

of determining whether a corporation should pursue legal action lies with the corporation itself. *Lewis*, 838 S.W.2d at 220.[3]

In the case at bar, the record clearly establishes that pre-judgment interest was awarded against J-Bar, not the Dickes. However, the Dickes, and not J-Bar, have appealed the trial court's ruling. Because the right to appeal the pre-judgment interest award lies solely with J-Bar, we find that the Dickes lack standing to prosecute this appeal. We therefore dismiss this appeal and remand to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to Appellants, Ben A. Dicke and Janice K. Dicke, and their surety, for which execution may issue if necessary.

 

 

_____
DAVID R. FARMER, JUDGE

---

[3] In some instances, shareholders may assert derivative actions on behalf of a corporation. *See* Tenn. Code Ann. § 48-17-401. As recognized by this Court in *Lewis on Behalf of Citizens Savings Bank & Trust Co. v. Boyd*,

> [a] derivative action is an extraordinary, equitable remedy available to shareholders when a corporate cause of action is, for some reason, not pursued by the corporation itself. (citations omitted). It is a limited exception to the usual rule that the proper party to assert a corporate cause of action is the corporation itself acting through its directors or a majority of its shareholders. (citations omitted).

*Lewis*, 838 S.W.2d at 221. In the case at bar, the record clearly shows that the proceedings instituted by the Dickes in this matter were not derivative in nature.