IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 14, 2014 Session

## GARY CONNELL, ET AL. v. MIA SCULLARK

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005572-13      James F. Russell, Judge**

_____

**No. W2014-00587-COA-R3-CV - Filed December 8, 2014**

_____

Purchaser of real estate at a foreclosure sale filed a forcible entry and detainer action against the occupant of the real estate. The General Sessions Court of Shelby County awarded possession, despite the objection of an individual claiming she purchased the real estate prior to the foreclosure sale. On appeal, the Shelby County Circuit Court granted the foreclosure purchaser's motion for summary judgment and affirmed the judgment of the general sessions court. The pre-foreclosure purchaser appeals. Finding that the pre-foreclosure purchaser lacks standing, we affirm the judgment of the Shelby County Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

BRANDON O. GIBSON, J., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J. and KENNY ARMSTRONG, J., joined.

Mia Scullark, *Pro se.*

Bruce Lee Feldbaum and Mark Cantora, Memphis, Tennessee, for the appellees, Gary Connell and Tim Newell.

### OPINION

On November 22, 2013, Plaintiffs Gary Connell and Tim Newell filed a forcible entry and detainer warrant in Shelby County General Sessions Court against the occupant of 4022 Claree Drive. The General Sessions summons indicated the warrant was posted on the property on November 25, and a hearing was set for December 9, 2013. The General Sessions Judge entered judgment for possession only in favor of the Plaintiff on December 16, 2013.

On that same date, December 16, 2013, Mia Scullark ("Scullark") filed a notice of

appeal to Shelby County Circuit Court. A little more than a month later, on January 30, 2014, Plaintiffs Gary Connell and Tim Newell d/b/a Tennessee Investment Properties filed a Motion for Summary Judgment, accompanied by a Statement of Undisputed Material Facts. In their Statement of Facts, Plaintiffs alleged that they "acquired title to the property located at 4022 Claree Dr., Memphis, TN 38116 at foreclosure sale of the property which was held on or about November 18, 2013, at which time the Plaintiff [sic] was the successful bidder for the said property." In support of their motion, Plaintiffs attached a copy of a Substitute Trustee's Deed to "Tennessee Investment Properties, a Tennessee General Partnership." The Substitute Trustee's Deed was recorded in the Shelby County Register's office on November 22, 2013 at 10:58 a.m. Plaintiffs also challenged Scullark's standing to appeal.

While inartfully drafted, Scullark, proceeding pro se, responded to Plaintiffs' motion for summary judgment by asserting that she purchased 4022 Claree from the parties against whom the foreclosure was proceeding, Johnny B. and Sheila Tucker.[1] She also asserted that she "register[ed] title" to the property in S & H Home Solutions[2] and recorded a warranty deed on November 22, 2013 at 3:06 p.m. The deed to S & H Home Solutions was attached to Scullark's Motion as an exhibit.

On March 25, 2014, the Circuit Court of Shelby County entered an Order granting Plaintiffs' motion for summary judgment dismissing Scullark's appeal, affirming the judgment of the General Sessions Court, and remanding the case.

## ISSUE

The appellant presents the following issue on appeal: whether the trial court properly granted Plaintiffs' motion for summary judgment.

## STANDARD OF REVIEW

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[1]Scullark's "Motion for Extension of Time to Submit a Statement of Facts and Evidence" asserted that she and Stevie Moore, Jr. purchased the property. Mr. Moore is not a party to this appeal and did not appear to be a party in the Circuit Court proceeding.

[2]One of Scullark's Affidavits and her "Opposing the Motion for Summary Judgment" asserts that she is the "Ceo" [sic] of S&H Home Solutions.

a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." *Green v. Green*, 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County*, 259 S.W.3d 705, 710 (Tenn. 2008)). "If reasonable minds could justifiably reach different conclusions based on the evidence at hand, then a genuine question of fact exists." *Id.* at 514 (citing *Martin*, 271 S.W.3d at 84; *Louis Dreyfus Corp. v. Austin Co.*, 868 S.W.2d 649, 656 (Tenn. Ct. App. 1993)). "If, on the other hand, the evidence and the inferences reasonably drawn from the evidence would permit a reasonable person to reach only one conclusion, then no material factual dispute exists, and the question can be disposed of as a matter of law." *Id.* (citing *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002); *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 (Tenn. 1999)).

Because this lawsuit was filed in 2013, resolution of the motion for summary judgment is governed by Tennessee Code Annotated section 20-16-101, which provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.[3]

Tenn. Code Ann. § 20-16-101 (Supp. 2014). Summary judgments do not benefit from a presumption of correctness on appeal, so we must make a fresh determination that the requirements of Rule 56 have been satisfied in each case. *Green*, 293 S.W.3d at 514. "The reviewing courts must also consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor." *Id.* (citing *Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 373-74 (Tenn. 2007); *Abbott v. Blount County*, 207 S.W.3d 732, 735 (Tenn. 2006)).

---

[3]"The statute is intended 'to return the summary judgment burden-shifting analytical framework to that which existed prior to *Hannan*, reinstating the 'put up or shut up' standard.'" *Walker v. Bradley County Gov't*, No. E2013-01053-COA-R3-CV, 2014 WL 1493193, at \*3 n.3 (Tenn. Ct. App. Apr. 15, 2014) (quoting *Coleman v. S. Tenn. Oil Inc.*, No. M2011-01329-COA-R3-CV, 2012 WL 2628617, at \*5 n.3 (Tenn. Ct. App. July 5, 2012)).

# DISCUSSION

As a threshold matter, we must consider the standing of Ms. Scullark. The question of standing is an issue of law, which we review *de novo*. *In re Estate of Smallman*, 398 S.W.3d 134, 148 (Tenn. 2013) (citing *Cox v. Shell Oil Co.*, 196 S.W.3d 747, 758 (Tenn. Ct. App. 2005)). "Standing is a judge-made doctrine based on the idea that '[a] court may and properly should refuse to entertain an action at the instance of one whose rights have not been invaded or infringed.'" *Cox*, 196 S.W.3d at 758 (citing 59 Am.Jur.2d *Parties* § 30 (1987)). The primary focus of the standing inquiry is on the party, not on the merits of the claims asserted. *Id.*

Plaintiffs, in their Statement of Undisputed Material Facts, asserted that Scullark "has no right, title or interest in and to the said property." Plaintiffs go on to argue that a purported deed to S & H Home Solutions is of no effect to transfer and convey any title to the property. In their Memorandum in Support of their Motion for Summary Judgment, Plaintiffs allege that Scullark "has no standing to bring the subject appeal." Even Scullark admits, through her filings in the trial court, that the deed she received from the homeowners was to "S & H Home Solutions." At oral argument, Scullark stated that S & H Home Solutions is "her" corporation.

"Under Tennessee corporation law, a corporation and its shareholders are distinct entities." *Cambio Health Solutions, LLC v. Reardon*, 213 S.W.3d 785, 790 (Tenn. 2006) (citing *Hadden v. City of Gatlinburg*, 746 S.W.2d 687, 689 (Tenn. 1988); *Gen. Tel. Co. v. Boyd*, 208 Tenn. 24, 343 S.W.2d 872, 875 (1960)). Consequently, "we respect the separate legal status of a corporation and its shareholders." *Id.* "Even if one stockholder holds all of the stock in a corporation, the corporation and that single stockholder remain 'distinct legal entities.'" *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 216 (Tenn. 2012) (quoting *Hadden*, 746 S.W.2d at 689). A closely-held corporation "is still a legal entity with a separate identity" from its majority shareholders. *S.E.A., Inc. v. Southside Leasing Co.*, No. E2000-00631-COA-R3-CV, 2000 WL 1449852, at *9 (Tenn. Ct. App. Sept. 29, 2000). Ownership of all of the capital stock of a corporation does not make the shareholder the owner of the corporation's property. *Vella v. National Pizza Co.*, No. 02A01-9311-CV-00254, 1994 WL 618606, at *3 (Tenn. Ct. App. Nov. 9, 1994) (citing *Hinton v. Carney*, 250 S.W.2d 364, 365 (Tenn. 1952)).

"The responsibility for managing a corporation's business and affairs falls on its officers and directors, not its shareholders." *Orlando Residence, Ltd. v. Nashville Lodging*

*Co.*, 213 S.W.3d 855, 863 (Tenn. Ct. App. 2006) (citing *Lewis on Behalf of Citizens Sav. Bank & Trust Co. v. Boyd*, 838 S.W.2d 215, 220 (Tenn. Ct. App. 1992)). The Tennessee Business Corporation Act provides that, "[u]nless its charter provides otherwise, every corporation . . . has the same powers as an individual to do all things necessary or convenient to carry out its business and affairs," including the power to "[s]ue and be sued, complain and defend in its corporate name." Tenn. Code Ann. § 48-13-102(1).

In this case, Scullark admits that "her" corporation, S & H Home Solutions, purchased the property at issue. She even asserts this fact in her opposition to Plaintiffs' motion for summary judgment. Plaintiffs' original detainer action in General Sessions Court was filed against the "occupant" of 4022 Claree Drive. Scullark does not claim to be the occupant. Rather, her argument is that she was the owner of the property, although the very deed upon which she relies demonstrates that S & H Home Solutions is the purported owner of the property. Scullark filed the notice of appeal to circuit court, and she filed the notice of appeal to this Court. S & H Home Solutions is not and has never been a party.

As the supreme court said in *Hadden v. City of Gatlinburg*, 746 S.W.2d 687 (Tenn. 1988), "'[W]here parties have deliberately undertaken to do business in corporate form, for tax purposes, accounting and other reasons, they must be held to the corporate form and they cannot shunt aside at their convenience legal entities and the legal aspects thereof.'" 746 S.W.2d at 690 (quoting *Barden*, 527 S.W.2d at 130). Here, Scullark's deliberate decision to utilize a corporation to purchase the real estate cannot be overlooked or brushed aside. S & H Home Solutions is a distinct legal entity, even if Scullark is the only owner of all of its stock.

Therefore, Scullark, in her individual capacity, does not have standing to appeal the General Sessions judgment granting possession of 4022 Claree Drive to Plaintiffs. We therefore affirm the decision of the trial court. Costs of this appeal are taxed to the Appellant, Mia Scullark and her surety, for which execution may issue, if necessary.

_____

BRANDON O. GIBSON, JUDGE