# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SANDY RIVER PROPERTIES, LLC, MICHAEL KATZ, and PATRICIA KATZ, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 2023-0895-BWD |
| | ) | |
| CAPE SHORES HOMEOWNERS ASSOCIATION and JANICE ERICH, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER RESOLVING MOTION TO DISMISS

**WHEREAS:**[1]

A.  On November 20, 2023, plaintiffs Sandy River Properties, LLC ("Sandy River"), Michael Katz, and Patricia Katz (collectively, "Plaintiffs") filed a Verified Amended Complaint in the above-captioned action (the "Amended Complaint").  Verified Am. Compl. [hereinafter, "Am. Compl."], Dkt. 12.

B.  Sandy River is a limited liability company that owns a residence in the Cape Shores community in Lewes, Delaware.  Am. Compl. ¶ 2.  Michael Katz and Patricia Katz occupy that residence and own Sandy River.  *Id*. ¶¶ 2-3.  Defendant

---

[1] The following facts are taken from the Amended Complaint and the documents incorporated by reference therein. *See Freedman v. Adams*, 2012 WL 1345638, at *5 (Del. Ch. Mar. 30, 2012) ("When a plaintiff expressly refers to and heavily relies upon documents in her complaint, these documents are considered to be incorporated by reference into the complaint[.]" (citation omitted)).

Cape Shores Homeowners Association (the "Association"), a Delaware corporation, is the homeowners' association for the Cape Shores community, and defendant Janice Erich is the President of the Association. *Id*. ¶¶ 4-5.

C. According to the Amended Complaint, when Plaintiffs purchased their residence in Cape Shores in 2005, nearby tennis courts in the community were used to play singles or doubles tennis. *Id*. ¶ 10. "[O]n a typical day, the courts would be occupied by up to eight patrons, if the courts would be used for doubles play, or up to four patrons, if they were being used for singles play." *Id*. But "[p]ickleball use grew drastically during the Covid-19 pandemic, and now, the [t]ennis [c]ourts are used nearly entirely for [p]ickleball." *Id*. ¶ 13. "[T]he sport of [p]ickleball is almost always played with four players, resulting in sixteen (16) people on the [t]ennis [c]ourts when the courts are being fully used[,]" and "the surface of [a] [p]ickleball paddle is harder than that of a tennis racket and the ball that is used is hard plastic, resulting in significantly louder and more disruptive activity." *Id*. ¶¶ 14-15. "The noise begins at approximately 8:00 a.m., and ends at approximately 8:00 p.m. throughout the summer season and continues, as sunlight allows, all year long." *Id*. ¶ 29. Plaintiffs complain that "[t]he noise has prevented [them] from having normal conversations, phone calls, video conferences, or doing any professional work in the[ir] home[,]" and has caused "significant health impacts including headaches, mental distress and loss of sleep." *Id*. ¶ 16.

2

D.     The Amended Complaint further alleges that some members of the Association's board of directors (the "Board") have formed a pickleball league consisting of owners and non-owners, "whose very spirited play creates significant disruption[,]" and which "has resulted in significant parking issues" near Plaintiffs' residence. *Id.* ¶¶ 18-19.

E.     The Association is governed by the Declaration of Covenants, Conditions and Reservations of Cape Shores (the "Declaration"). Am. Compl. ¶ 21; *see also id.*, Ex. B [hereinafter, "Decl."]. Section 3.4 of the Declaration provides that "[t]he business affairs of the [Association] shall be managed by or under the direction of the Board of Directors in accordance with this Declaration, the Certificate of Incorporation and the By-Laws." Decl. Art. III § 3.4.

F.     Section 4.1 of the Declaration states that "[t]he Association Property is intended for the use and enjoyment of the Owners and their guests and invitees." *Id.* Art. IV § 4.1. Section 4.7 provides that "each Owner shall have a right and easement of enjoyment in and to the Association Property, which easement shall be appurtenant to, and shall pass with, the title to each Lot." *Id.* § 4.7. And Section 5.1.6 of the Declaration states that "[a]n easement is hereby granted to Owners and their guests and employees of the Association to permit the doing of every act necessary and incident to the playing of tennis, and other recreational activities on the courts, recreation areas and open space adjacent to the Lots." *Id.* Art. V § 5.1.6.

3

G. Section 4.3 of the Declaration states:

> The Association, through its Board of Directors, shall regulate the use of the Association Property by its Members and may from time to time promulgate such rules and regulations . . . consistent with this Declaration, governing the use thereof as it may deem to be in the best interest of its Members. Without limiting the foregoing, the Association shall have the right to promulgate rules and regulations governing use of Club facilities.

*Id*. Art. IV § 4.3. In addition, Section 10.16 of the Declaration states:

> No use or practice which is either an annoyance to Owners or an interference with the peaceful possession and use of the Property by Owners shall be allowed. No Owner shall commit or permit any nuisance or any immoral or illegal activity on or about the Property. For greater clarification, no Owner shall knowingly or willfully make or create any unnecessary, excessive or offensive noise or disturbance which destroys the peace, quiet and/or comfort of the owners, or allow any such noise or disturbance to be made on or about his lot.

*Id*. Art. X § 10.16.

H. Count I of the Amended Complaint seeks a declaration that using the tennis courts for pickleball constitutes a nuisance; Count II seeks to enjoin Defendants from permitting loud, disturbing, and unreasonable noise at the tennis courts; and Count III asserts a claim for breach of fiduciary duty against Defendants. Am. Compl. ¶¶ 32-48.

I. On November 20, 2023, Defendants moved to dismiss the Amended Complaint (the "Motion to Dismiss"). Dkt. 14. On December 8, 2023, Defendants filed an opening brief in support of the Motion to Dismiss. Defs. Cape Shores Homeowners Ass'n's And Janice Erich's Op. Br. In Supp. Of Their Mot. To Dismiss

4

Pls.' Am. Compl. [hereinafter, "OB"], Dkt. 19. On January 8, 2024, Plaintiffs filed an answering brief in opposition to the Motion to Dismiss. Pls. Sandy River Props., LLC, Michael Katz, And Patricia Katz's Ans. Br. In Opp'n Against Defs.' Mot. To Dismiss Pl.'s Am. Compl. [hereinafter, "AB"], Dkt. 21. On January 22, 2024, Defendants filed a reply brief in further support of the Motion to Dismiss. Defs. Cape Shores Homeowners Ass'n's And Janice Erich's Reply Br. In Supp. Of Their Mot. To Dismiss [hereinafter, "RB"], Dkt. 23. Oral argument on the Motion to Dismiss is unnecessary.

NOW, THEREFORE, IT IS HEREBY ORDERED, this 15th day of March, 2024, as follows:

1.	Defendants have moved to dismiss the Amended Complaint under Court of Chancery Rule 12(b)(6) for failure to state a claim. When reviewing a motion to dismiss under Rule 12(b)(6), Delaware courts "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well-pleaded' if they give the opposing party notice of the claim; [and] (3) draw all reasonable inferences in favor of the non-moving party . . . ." *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011). "[T]he governing pleading standard in Delaware to survive a motion to dismiss is reasonable 'conceivability.'" *Id*. at 537.

5

2.      Defendants raise four arguments in support of dismissal: (1) Sandy River lacks standing to bring a private nuisance claim in Counts I and II; (2) the injunctive relief sought in Count II is inconsistent with the Declaration; (3) Count III fails to state a claim for breach of fiduciary duty against either the Association or Erich; and (4) the prayer for relief in the Amended Complaint is overbroad.  OB at 7-15; RB at 2-7.

3.      First, Defendants contend Sandy River lacks standing to bring a claim for private nuisance.  OB at 7-9; RB at 2-3.  "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of their land." *Dayton v. Collison*, 2019 WL 4668157, at *5 (Del. Super. Sept. 24, 2019), *aff'd*, 250 A.3d 763 (Del. 2021).  According to Defendants, Sandy River "is an entity . . . that cannot be deemed to have sustained a loss of enjoyment of the Residence or the injuries complained of in its Amended Complaint."  OB at 8.  Defendants, however, cite no authority for their position that an entity cannot sustain a "loss of enjoyment" of property.  Defendants also claim that "[l]andlords have been found to have no right to bring an action for nuisance affecting the possession and comfortable enjoyment of premises by a tenant."  *Id*. at 9 (citing *Hadden v. City of Gatlinburg*, 746 S.W. 2d 687 (Tenn. 1988)).  But Sandy River is not a "landlord"—it is the entity through which the current occupants own the property.  In any event, it is reasonably conceivable "that the nuisance is permanent or will interfere with [Sandy River's]

6

reversion," such that Sandy River should remain a party to the case. *Pilots' Ass'n for Bay & River Delaware v. Lynch*, 1992 WL 390697, at *4 (Del. Super. Nov. 19, 1992) (explaining that "in the course of this litigation, the degree of the nuisance certainly will be established[,]" at which point "a determination may be made as to whether [an entity with a reversionary interest in property] should be made a party with respect to any claim for damages arising from nuisance").[2]

4. Second, Defendants assert that Count II, seeking injunctive relief, is inconsistent with Sections 4.1, 4.7, and 5.1.6 of the Declaration. OB at 12-14. Those provisions state that "[t]he Association Property is intended for the use and enjoyment of the Owners and their guests and invitees," "each Owner shall have a right and easement of enjoyment in and to the Association Property," and "[a]n easement is hereby granted to Owners and their guests and employees of the Association to permit the doing of every act necessary and incident to the playing of tennis, and other recreational activities on the courts, recreation areas and open space adjacent to the Lots." Decl. Art. IV §§ 4.1, 4.7; *Id*. Art. V § 5.1.6. From that language, Defendants conclude that the Association "does not have the authority to prevent the use of the courts for pickleball" because "unit owners and their guests are entitled to use the courts for 'recreational activities' other than tennis," which

---

[2] Defendants do not argue that Michael Katz and Patricia Katz lack standing to bring a claim for private nuisance. Given those Plaintiffs' uncontested standing to bring a nuisance claim, the import of Defendants' challenge to Sandy River's standing is unclear.

"necessarily include[s] pickleball." OB at 13. Assuming that is a fair reading, the Declaration separately requires the Board to "regulate the use of the Association Property by its Members," and prohibits "use or practice which is either an annoyance to Owners or an interference with the peaceful possession and use of the Property by Owners . . . ." Decl. Art. IV§ 4.3; *Id*. Art. X § 10.16. Conceivably, these provisions conflict, rendering the Declaration ambiguous. *See, e.g.*, *Metro. Life Ins. Co. v. Tremont Gp. Hldgs., Inc.*, 2012 WL 6632681, at *15 (Del. Ch. Dec. 20, 2012) (denying motion to dismiss where the parties "conceivably could show that the [operative agreement] [wa]s ambiguous" "[b]ecause the[] two contractual provisions appear[ed] to conflict"); *McAnulla Elect. Const., Inc. v. Radius Techs., LLC*, 2010 WL 3792129, at *1 (Del. Super. Sept. 24, 2010) (denying motion for summary judgment "[b]ecause the ambiguous and potentially conflicting provisions of the parties' contract present material disputes regarding their intent, which cannot be resolved at this early stage of the case"). Accordingly, the Motion to Dismiss Count II must be denied.

5. Third, Defendants contend that the Amended Complaint fails to state a claim for breach of fiduciary duty against the Association or Erich. OB at 9-12; RB at 3-5.

a. As to the Association, the Amended Complaint fails to state a claim for breach of fiduciary duty because "the Association does not owe fiduciary

8

duties. Fiduciary duties are owed to, not by, the corporation." *August v. Glade Prop. Owners Ass'n, Inc.*, 2023 WL 3359466, at *4 (Del. Ch. May 11, 2023), *exceptions den.*, 2023 WL 5423220 (Del. Ch.), *and exceptions den.*, 2023 WL 5431953 (Del. Ch.); *see also, e.g.*, *In re Solera Ins. Coverage Appeals*, 240 A.3d 1121, 1135 (Del. 2020) ("the corporation itself does not owe fiduciary duties"); *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 539 (Del. 1996) ("Fiduciary duties are owed by the directors and officers to the corporation and its stockholders." (emphasis added)); *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992) ("The only defendant is the corporate entity . . . so there are no fiduciary duty claims.").

b. As for Erich, the Amended Complaint alleges:

> Defendant Erich breached their fiduciary duty by engaging in a pattern of intentional disregard of the Plaintiffs' interests, failing to take action in the Plaintiffs' best interest and acting in ways that favored their own self-interest to the detriment of Plaintiffs, including allowing owners, guests, and non-owners to create a nuisance. Additionally, Defendant, Erich has taken a personal interest in the improper use of the [t]ennis [c]ourts for [p]ickleball and routinely engages in the same further demonstrating the self-interest in failing to address Plaintiffs' concerns.

Am. Compl. ¶ 47. The Amended Complaint does not allege Erich has engaged in any conduct in her capacity as President of the Association, let alone conduct that conceivably could constitute a breach of her duties of care or loyalty.[3] To the extent the Amended Complaint alleges that Erich has breached her fiduciary duties by

---

[3] The Amended Complaint alleges that Erich plays pickleball, but again, it does not allege that Erich has engaged in any self-interested or bad faith conduct.

9

failing to take action in good faith to regulate the use of the tennis courts, that duty lies with the Board, not the Association President.[4] *See* Decl. Art. IV § 4.3. Accordingly, Count III also fails to state a claim for breach of fiduciary duty against Erich.

6. Finally, Defendants contend the Amended Complaint's prayer for relief is "overly broad" in that it seeks injunctive relief that is not sufficiently "specific or reasonably detailed." OB at 14-15; RB at 7. "[O]n a motion to dismiss all that need be decided is whether a claim is stated upon which any relief could be granted. If that question is answered in the affirmative, the nature of that relief is not relevant and need not be addressed." *Microsoft Corp. v. Amphus, Inc.*, 2013 WL 5899003, at *20 (Del. Ch. Oct. 31, 2013) (quoting *Chaffin v. GNI Gp., Inc.*, 1999 WL 721569, at *7 (Del. Ch. Sept. 3, 1999)). It is, therefore, premature to decide the scope of injunctive relief that could be granted at a later stage of the case.

7. For the foregoing reasons, the Motion to Dismiss Count III is GRANTED. The Motion to Dismiss is DENIED in all other respects.

---

[4] *See Rich ex rel. Fuqi Int'l, Inc. v. Yu Kwai Chong*, 66 A.3d 963, 984 (Del. Ch. 2013) ("A conscious failure to act, in the face of a known duty, is a breach of the duty of loyalty."); *see also BET FRX LLC v. Myers*, 2022 WL 1236955, at *8 (Del. Ch. Apr. 27, 2022) (explaining that a fiduciary's duty "is not limited to taking actions; it also encompasses 'intentional[] fail[ures] to act in the face of a known duty to act'" (alterations in original) (quoting *In re Walt Disney Co. Deriv. Litig.*, 906 A.2d 27, 67 (Del. 2006))).

The Amended Complaint does not allege that Erich is a member of the Board. *See* Am. Compl. ¶ 5 ("Defendant Janice Erich is the President of the HOA . . . ."); *see also id.*, Ex. A, Art. IV § 1 ("None of the officers of the corporation need be directors.").

10

8.      This order is a final report pursuant to Court of Chancery Rules 143 and 144.  Exceptions to this and all other interlocutory reports in this action are stayed under Court of Chancery Rule 144(f).

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery

11