**ORLANDO RESIDENCE, LTD.**

v.

**NASHVILLE LODGING
COMPANY, et al.**

Court of Appeals of Tennessee,
at Nashville.

March 28, 2006 Session.

July 7, 2006.

Order on Denial of Rehearing
Aug. 1, 2006.

Application for Permission to Appeal
Denied by Supreme Court
Dec. 27, 2006.

See also 1996 WL 724915, 1999 WL 1040544.

---

Kenneth E. Nelson, pro se.

Eugene N. Bulso, Jr. and Melissa Ballengee Alexander, Nashville, Tennessee, for the appellee, Orlando Residence, Ltd.

## OPINION

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DONALD P. HARRIS, SR. J., joined.

Appellant Kenneth Nelson ("Mr.Nelson") raises numerous issues on appeal. However, for the reasons stated below, we only address the issue of whether the trial court erred in dismissing Mr. Nelson's statute of limitations defense. We affirm.

### Factual Background and Procedural History

This is the fourth time this Court has addressed the merits of this case on appeal. Since the facts have not changed, we adopt the relevant parts of our most recent opinion, *Orlando Residence, Ltd. v. Nashville Lodging Co.*, 104 S.W.3d 848 (Tenn. Ct.App.2002) *perm. app. denied* (Tenn. Jan. 27, 2003):

The seeds of the present dispute were sown in 1981 when Samuel H. Hardige hired Kenneth E. Nelson to oversee one of his businesses. Mr. Hardige fired Mr. Nelson a short time later, thereby precipitating considerable litigation between Mr. Nelson and various business entities owned by Mr. Hardige. When the litigation was eventually settled,

Nashville Residence Corporation ("Nashville Residence"), of which Mr. Nelson was the principal stockholder, received a tract of land at 2300 Elm Hill Pike in Nashville. In return, Nashville Residence and two sureties executed a $250,000 note to Orlando Residence, Ltd. ("Orlando Residence"), a limited partnership with Mr. Hardige as the general partner. (Footnote omitted). Thereafter Nashville Lodging Company ("Nashville Lodging"), a Tennessee-based limited partnership with Nashville Residence as its general partner, built a Marriott Hotel on the Elm Hill property.

Nashville Residence defaulted on the note to Orlando Residence. In December 1986, Orlando Residence sued Nashville Residence in the United States District Court for the Middle District of Tennessee. Shortly after Orlando Residence filed suit, Nashville Residence quitclaimed the Elm Hill property to Nashville Lodging. In 1989, Nashville Lodging sold the hotel and leased the property to Metric Partners Growth Suite Investors, L.P. ("Metric Partners"). In March 1990, Orlando Residence obtained a judgment in federal court against Nashville Residence for $250,000 plus interest.

Armed with its $250,000 judgment, Orlando Residence filed suit in the Chancery Court for Davidson County against Nashville Residence, Nashville Lodging, Mr. Nelson, and Metric Partners attacking the conveyance of the Elm Hill property as a fraudulent conveyance. Orlando Residence eventually succeeded with its claim and was awarded $501,934 in compensatory and $850,000 in punitive damages from [Mr. Nelson,] Nashville Residence and Nashville Lodging. [Mr. Nelson,] Nashville

Residence and Nashville Lodging appealed to this court.

Orlando Residence decided to execute on its chancery court judgment while [Mr. Nelson's,] Nashville Residence's and Nashville Lodging's appeal was pending. In the summer of 1996, Orlando Residence moved to subject the Elm Hill property to an execution sale. Orlando Residence purchased the property for $100,000, and this sale was confirmed by the trial court. Three months later, this court reversed Orlando Residence's judgment and remanded the case for a new trial. *See Orlando Residence Ltd. v. Nashville Lodging Co.*, No. 01A01–9606–CH–00256, 1996 WL 724915, at *4–7 (Tenn.Ct.App.Dec.18, 1996), *perm. app. denied concurring in results only* (Tenn. May 19, 1997).

With the fraudulent conveyance judgment now vacated, Nashville Lodging and Nashville Residence, not surprisingly, requested the trial court to set aside the execution sale of the Elm Hill property to Orlando Residence. They also requested the trial court to dismiss the case because Orlando Residence lacked standing to enforce the federal court judgment. The trial court declined to dismiss Orlando Residence's fraudulent transfer suit or to set aside the judicial sale. After several additional skirmishes, Nashville Residence and Nashville Lodging again appealed to this court.

Nashville Lodging also decided to try another legal tack after the trial court denied its motion to set aside the judicial sale. It filed a new action in the Chancery Court for Davidson County claiming that Orlando Residence was being unjustly enriched as a result of its purchase of the Elm Hill property at the judicial sale. This case was assigned to the trial court where Orlando Residence's fraudulent conveyance claim was

pending. Accordingly, Nashville Lodging asserted that it was entitled to return of the property and to restitution of all rents and profits received by Orlando Residence after the execution sale. (Footnote omitted). Orlando Residence swiftly moved to dismiss this lawsuit on res judicata grounds. On September 8, 1998, the trial court dismissed Nashville Lodging's complaint. Nashville Lodging Company perfected its second appeal to this court.

The dispute over the Elm Hill property took on a new dimension prior to the oral arguments in both appeals. Metric Partners defaulted on a promissory note it had signed as part of the 1989 conveyance of the property and purchase of the hotel. (Footnote omitted). The note was secured by a first mortgage on both the Elm Hill property and the hotel. Following the default, the holder of the note notified the parties that it intended to foreclose on and sell the Elm Hill property and the hotel. The foreclosure sale was conducted shortly after this court heard oral argument in the appeal involving Orlando Residence's fraudulent conveyance claim. WBL II Real Estate Limited Partnership purchased the Elm Hill property and the hotel for $9,050,000. The trustee of the deed of trust estimated that approximately $500,000 in excess proceeds would be distributed to the owner of the Elm Hill property after the existing indebtedness was satisfied.

The foreclosure sale ended any possibility that either Orlando Residence, Nashville Lodging, or Nashville Residence could recover possession of the Elm Hill property. Accordingly, following oral argument in its appeal from the trial court's dismissal of its unjust enrichment complaint against Orlando Residence, Nashville Lodging moved to

dismiss its appeal from the dismissal of its unjust enrichment claim.

We dismissed the appeal because the question of whether Nashville Lodging could recover the property was moot. We now come to the proceedings between the second appeal to this court and the present appeal. On August 5, 1999[,] the defendants filed a Motion for Partial Summary Judgment Regarding Restitution. The defendants asked the trial court to make a decision on Orlando Residence's liability to make restitution of the value of the land that had been sold at the execution sale. On August 6, 1999[,] they also filed a Motion for Partial Summary Judgment Regarding the Statute of Limitations. In this motion, the defendants argued that Orlando Residence's original fraudulent conveyance claim was barred by a three year statute of limitations. The trial court ruled on both these Motions for Partial Summary Judgment in an order filed October 6, 1999. The trial court ruled that the defendants did indeed deserve restitution, but reserved the issue of the amount of restitution, and also denied the motion regarding the statute of limitations.

The defendants then filed another motion regarding the amount of restitution on October 13, 1999. The trial court granted the motion in a Memorandum and Order filed December 9, 1999. In that order the trial court held that the amount of restitution due the defendants was $100,000, the successful bid at the execution sale.

The defendants renewed their Motion for Summary Judgment on the Statute of Limitations Defense. The trial court addressed this motion in a Memorandum and Order filed August 15, 2000. In this Memorandum and Order the trial court held that Orlando Residence's cause of action for damages did not accrue until the land was sold to Metric Partners on April 24, 1989, and that the lawsuit was filed within three years. Therefore, there was no issue as to the statute of limitations, and this issue was withdrawn from the jury.

The second trial was held from August 21 through August 25, 2000. The jury found that there had been a fraudulent conveyance. The jury awarded Orlando Residence compensatory damages in the amount of $797,615 [against Mr. Nelson, Nashville Residence, and Nashville Lodging,] but denied Orlando Residence's claim for punitive damages. In a judgment filed September 1, 2000, the trial court awarded compensatory damages to Orlando Residence in the amount of $797,615, and set restitution for the [Nashville Lodging] in the amount of $137,671, $100,000 plus interest from the date of the original sale to Orlando Residence. The total restitution judgment amounted to $137,671.

*Orlando Residence, Ltd. v. Nashville Lodging Co.*, 104 S.W.3d 848, 850–53 (Tenn.Ct.App.2002). *See also Orlando Residence, Ltd. v. Nashville Lodging Co.*, No. 01A–01–9606–CH–00256, 1996 WL 724915, at *1–2 (Tenn.Ct.App. Dec.18, 1996) *perm. app. denied concurring in results only* (Tenn. May 19, 1997).

In the third appeal, this Court affirmed the jury's verdict finding that Nashville Residence and Mr. Nelson acted fraudulently in transferring the property to Nashville Lodging, and thus rejected claims by Nashville Residence, Nashville Lodging, and Mr. Nelson that they were entitled to a directed verdict in their favor on this issue. *Id.* at 854. This Court also held that the $100,000 price obtained at the execution sale of the Inn set the value of the Inn, for restitution purposes, as a matter of law. *Id.* at 855. However, in

relation to the statute of limitations, this Court held that the trial court erred in finding that Orlando Residence's cause of action for damages against Nashville Residence, Nashville Lodging, and Mr. Nelson arose in 1989 when Nashville Lodging conveyed the Inn to Metric. *Id.* at 853–53. Rather, this Court held that the cause of action accrued when Appellee knew or should have known that the Inn had initially been conveyed from Nashville Residence to Nashville Lodging. *Id.* at 854. Since the issue of when Orlando Residence knew or should have known of the conveyance constituted a factual issue to be decided by the trier of fact, this Court remanded this case to the trial court for determination of that issue *alone. Id.* at 854–55.

Prior to the trial on the statute of limitations, both sides filed a plethora of motions, not all of which are pertinent to this appeal. Nashville Residence, Nashville Lodging, and Mr. Nelson moved to have all issues tried by a single jury. The trial court denied this motion. Nashville Residence, Nashville Lodging, and Mr. Nelson subsequently moved for summary judgment on the issue of statute of limitations and further filed a motion to dismiss Orlando Residence's case for lack of subject matter jurisdiction arguing that Orlando Residence lacked standing to pursue this case. The trial court denied both motions.

The trial for the statute of limitations was held September 27–30, 2004. However, no complete transcript of this proceeding has been included in the record on appeal in this case.[1] During this trial, Mr. Nelson failed to personally appear and, as a result, Appellee moved to dismiss Mr.

Nelson's statute of limitations affirmative defense. The trial court granted this motion. In so granting, the trial court held as follows:

The authoritative premise for the dismissal is the broad, common-law authority of trial courts to control their dockets and the proceedings, including the express authority to dismiss cases for failure to prosecute. *Hodges v. Tennessee Attorney Gen.,* 43 S.W.3d 918 (Tenn.Ct. App.2000). The factual premise for the dismissal is unfair prejudice to the plaintiff. There was no indication to the Court or plaintiff's counsel, prior to the clerk calling the case for trial, that defendant Nelson had decided not to appear. All indications prior to the case being called were that Mr. Nelson would be present in person to prosecute his affirmative defense. The surprise to the plaintiff as well as the failure of Mr. Nelson to appear are particularly prejudicial to the plaintiff in this case because, in defending against the asserted bar of the statute of limitations, the plaintiff's defense incorporates challenging defendant Nelson's credibility and questioning defendant Nelson about his obstruction of the plaintiff in gaining knowledge that it had been injured. Thus, the Court concludes that it would not be fair to allow counsel for Mr. Nelson to prosecute Mr. Nelson's affirmative defense in Mr. Nelson's absence.

It is therefore ORDERED that defendant Kenneth E. Nelson's affirmative defense of the statute of limitations is dismissed with prejudice.

At the conclusion of the trial, the jury found that Orlando Residence's action was

---

1. A partial transcript of proceedings from the portion of the trial on September 30, 2004, was filed in conjunction with the Defendants' Motion for Entry of Judgment, for a New Trial, and for Dismissal on October 29, 2004. However, this transcript only covered a portion of one day of a four day trial. Furthermore, the portion provided has been so redacted as to prevent any usefulness to this Court on appeal.

brought within the applicable statute of limitations. Prior to trial, Appellee had moved for setoff of the $137,671 restitution judgment against it in favor of Nashville Lodging. The trial court granted Appellee's request and, thus, the $137,671 restitution judgment in favor of Nashville Lodging was set off against Appellee's federal court judgment in the amount of $1,023,838. After being denied relief in their subsequent post-trial motions, Nashville Residence, Nashville Lodging, and Mr. Nelson all filed notices of appeal, thus bringing this case before this Court for a fourth time. However, only Mr. Nelson, acting *pro se*, has submitted a brief to this Court.[2]

### Issues Raised But Not Addressed By This Court

■ In his brief, Mr. Nelson raises the issues of 1) whether the trial court had subject matter jurisdiction, 2) whether the trial court violated Mr. Nelson's constitutional rights by allowing the jury to hear only the statute-of-limitations defense rather than all issues, 3) whether the trial court erred in denying Mr. Nelson's Motion for Summary Judgment as to the statute of limitations defense, and 4) whether Orlando Residence's judgment is "void" because it is outside the pleadings. We decline to address the merit of these issues because they have already been addressed by this Court in prior appeals and, thus, such rulings have become the law of the case.

In *Memphis Publishing Company v. Tennessee Petroleum Underground Storage Tank Board*, 975 S.W.2d 303 (Tenn. 1998), the Tennessee Supreme Court held as follows:

The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. 5 Am.Jur.2d *Appellate Review* ¶ 605 (1995). In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. *Life & [Cas.]Ins. Co. v. Jett*, 175 Tenn. 295, 299, 133 S.W.2d 997, 998–99 (1939); *Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 90 (Tenn.Ct.App. 1996). The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. *Ladd*, 939 S.W.2d at 90 (citing other authority). The doctrine does not apply to dicta. *Ridley v. Haiman*, 164 Tenn. 239, 248–49, 47 S.W.2d 750, 752–53 (1932); *Ladd*, 939 S.W.2d at 90.

The law of the case doctrine is not a constitutional mandate nor a limitation on the power of a court. 5 Am.Jur.2d *Appellate Review* § 605 (1995); *Ladd* 939 S.W.2d at 90. Rather it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. *Ladd*, 939 S.W.2d at 90 (citing other cases)....

*Memphis Publ'g Co.*, 975 S.W.2d at 306.

■ In regard to Mr. Nelson's first claim, we note that in *Orlando Residence v. Nashville Lodging Co.*, No. 01A–01–9606–CH–00256, 1996 WL 724915 (Tenn.

---

**2.** Although Nashville Residence, Nashville Lodging, and Mr. Nelson all filed notices of appeal in this matter, Mr. Nelson is the only party to file a brief and present arguments on this appeal. Accordingly, we have entered orders dismissing Nashville Residence and Nashville Lodging as parties to this appeal.

Ct.App. Dec.18, 1996) (hereinafter referred to as "*Orlando 1*"), this Court held that no question existed as to the trial court's subject matter jurisdiction to hear this case. *Orlando 1,* 1996 WL 724915, at \*2. In relation to Mr. Nelson's claim regarding having all issues tried before a single jury, we note that in *Orlando Residence v. Nashville Lodging Co.,* 104 S.W.3d 848 (Tenn.Ct.App.2002) (hereinafter referred to as "*Orlando 3*"), this Court specifically remanded the case for the purpose of determining the sole issue of when the statute of limitations began to run. *Orlando 3,* 104 S.W.3d at 855. All other respects of the trial court's judgment were affirmed. *Id.* at 855. By remanding the sole issue of the statute of limitations, we find that this Court held by implication that Mr. Nelson's constitutional rights would not be violated by allowing a jury to decide the sole issue of the statute of limitations. Such a holding comports with the Tennessee Supreme Court's decision in *Ennix v. Clay,* 703 S.W.2d 137 (Tenn.1986), in which the court held "that no constitutional right exists for a litigant to have all controverted factual issues submitted to the jury at the same time." *Id.* at 139.

■■■ In next addressing Mr. Nelson's assertion that the trial court erred in denying his motion for summary judgment regarding the statute of limitations, we note that this Court in *Orlando 3* remanded this case to the trial court, stating that

> [t]he defendants argue that the uncontradicted facts show that [Orlando Residence] knew or should have known that the property had been conveyed more than three years before suit was filed. We do not agree. As we said nearly five and a half years ago, "the running of an action for damages depends upon an issue of fact and is still a live issue to be decided by the trier of fact."

*Orlando 3,* 104 S.W.3d at 854. Thus, this Court has previously held that disputed issues of material fact existed in relation to the statute of limitation issue and, accordingly, remanded this issue to the trial court in order to allow the jury to make appropriate findings of fact. Based upon the law of the case, the trial court appropriately denied Mr. Nelson's summary judgment motion and we will not again address this issue on appeal. Finally, regarding Mr. Nelson's claim that the judgment is void because it is outside the pleadings, it appears to this Court that Mr. Nelson is attempting to overturn the judgment rendered by the trial court on August 25, 2000, adjudicating Nashville Lodging, Nashville Residence, and Mr. Nelson liable for engaging in a fraudulent transfer. Once again, Mr. Nelson's argument comes too late since this Court has previously affirmed the 2000 judgment in *Orlando 3. Orlando 3,* 104 S.W.3d at 854. Having already addressed arguments related to the merits of the trial court's judgment regarding the fraudulent transfer, we will not do so again.

■ Besides raising issues which have already been addressed by this Court in previous appeals, Mr. Nelson also raises the following issues regarding the trial proceedings on the third remand of this case: (1) whether the trial court erred in granting Orlando Residence's Motion for Setoff, (2) whether the jury should have been permitted to decide the date of injury, and (3) whether the trial court properly placed the burden of proof at trial upon Nashville Lodging and Nashville Residence. Because we find that Mr. Nelson lacks standing to raise these issues, we decline to address their merits.

The facts in this case show that Nashville Residence is a corporation in which Mr. Nelson is the principal shareholder. Nashville Lodging is a Tennessee-based

limited partnership in which Mr. Nelson is a limited partner. The record shows that the trial court on the third remand granted Orlando Residence setoff for a prior judgment of restitution rendered against Orlando Residence in favor of Nashville Lodging. Nashville Lodging has not appealed this ruling. The record further reflects that the trial court dismissed Mr. Nelson's statute of limitations defense and proceeded only to adjudicate statute of limitations defenses asserted by Nashville Lodging and Nashville Residence. In doing so, Mr. Nelson asserts that the trial court improperly placed the burden of proof upon Nashville Lodging and Nashville Residence, and improperly allowed the jury to decide the date of injury. Neither Nashville Lodging nor Nashville Residence have appealed the trial court's actions.[3] Rather, Mr. Nelson appears to raise these issues on Nashville Lodging and Nashville Residence's behalf. This he cannot do.

■ A corporation is a distinct legal entity separate and apart from its shareholders and officers. *Hadden v. City of Gatlinburg*, 746 S.W.2d 687, 689 (Tenn. 1988). "The responsibility for managing a corporation's business and affairs falls on its officers and directors, not its shareholders." *Lewis on Behalf of Citizens Sav. Bank & Trust Co. v. Boyd*, 838 S.W.2d 215, 220 (Tenn.Ct.App.1992) (citing *Boyd v. Sims*, 87 Tenn. 771, 11 S.W. 948, 949

(Tenn.1889)). Generally, an individual stockholder "cannot prosecute an appeal or writ of error from or to a judgment, order, or decree against the corporation by which he is only indirectly affected [as a shareholder]." 4 C.J.S. *Appeal and Error* § 178 (2005) (citing, among other cases, the decision by this Court in *Lockhart v. Moore*, 25 Tenn.App. 456, 159 S.W.2d 438 (Tenn.Ct.App.1941)). Tennessee courts have further held that even when a corporation has one sole shareholder, such shareholder still may not bring suit to right wrongs done to the corporation. *Hadden*, 746 S.W.2d at 689. Rather, the responsibility of determining whether a corporation should pursue legal action lies with the corporation itself. *Lewis*, 838 S.W.2d at 220.[4]

■ Although distinguishable from a corporation, a limited partnership shares the similar purpose of providing "a form of business enterprise ... in which persons may invest money without becoming liable for debts of the firm." *Investors Group I, Ltd. v. Knoxville's Cmty. Dev. Corp.*, No. E1999–00395–COA–R3–CV, 2001 WL 839837, at *2 (Tenn.Ct.App. July 25, 2001) *perm. app. denied* (Tenn. Jan. 14, 2002)(citing *Kesterson Foods v. Scott*, 932 S.W.2d 935 (Tenn.Ct.App.1996)). When a limited partner is passive, Tennessee courts have held that "his position is analogous to that of a corporate shareholder." *Investors*, 2001 WL 839837, at *2. Thus,

3. In no way does this Court infer that Nashville Lodging or Nashville Residence had any grounds on which to appeal in this case. We merely note the failure of these entities to prosecute an appeal on any ground.

4. In some instances, shareholders may assert derivative actions on behalf of a corporation. *See* Tenn.Code Ann. § 48–17–401 (2006). As recognized by this Court in *Lewis on Behalf of Citizens Savings Bank & Trust Co. v. Boyd,* [a] derivative action is an extraordinary, equitable remedy available to shareholders

when a corporate cause of action is, for some reason, not pursued by the corporation itself. (citations omitted). It is a limited exception to the usual rule that the proper party to assert a corporate cause of action is the corporation itself, acting through its directors or a majority of its shareholders. (citations omitted).

*Lewis*, 838 S.W.2d at 221. In the case at bar, the record clearly shows that the appeal in question does not result from a suit that was derivative in nature.

like a corporation, a limited partnership in Tennessee is viewed "as an entity separate and apart from the limited partners for purposes of suing and being sued." *Investors*, 2001 WL 839837, at *2; *see also Van Buren v. S. Central Commc'ns Corp.*, No. 03A01–9108CV00268, 1991 WL 268353, at *2 (Tenn.Ct.App. Dec.18, 1991) *perm. app. denied* (Tenn. Apr. 24, 1992).

Although the record shows that Mr. Nelson is the principal shareholder of Nashville Residence and a limited partner in Nashville Lodging, we find that he lacks standing to assert issues on appeal on behalf of these entities. As a result, we will not address the merit of Mr. Nelson's claims asserted on behalf of Nashville Lodging and Nashville Residence.

### Issues Presented and Addressed

This case was previously remanded by this Court solely for the determination of the date the statute of limitations commenced against Orlando Residence's fraudulent transfer claim. We find the dispositive issue on appeal to be whether the trial court erred in dismissing Mr. Nelson's statute of limitations defense. For the reasons set forth below, we affirm.

### Standard of Review

Mr. Nelson appeals the trial court's dismissal of his statute of limitations defense due to his failure to personally appear at trial. "When [a] trial court exercises its discretion in imposing the sanction of dismissal, this exercise of its discretion will not be disturbed by this Court in the absence of an affirmative showing that the trial court abused its discretion." *Thompson v. Dickerson*, No 02A01–9702–CV–00034, 1997 WL 437228, at *3 (Tenn.Ct.App. Aug.1, 1997)(*no perm. app. filed*)(citing *Barish v. Metro. Gov't of Nashville and Davidson County*, 627 S.W.2d 953, 954 (Tenn.Ct.App.1981)).

### Analysis

In this case, Mr. Nelson argues that the trial court erred in dismissing his statute of limitations defense prior to trial due to his being represented by an attorney rather than physically present himself. We disagree. Although the dismissal of Mr. Nelson's affirmative defense arose from his failure to personally appear at trial, the premise of the dismissal does not appear to be based upon a failure to prosecute. Rather, as set forth in the trial court's order:

> The factual premise for the dismissal is unfair prejudice to the plaintiff. There was no indication to the Court or plaintiff's counsel, prior to the clerk calling the case for trial, that defendant Nelson had decided not to appear. All indications prior to the case being called were that Mr. Nelson would be present in person to prosecute his affirmative defense. The surprise to the plaintiff as well as the failure of Mr. Nelson to appear are particularly prejudicial to the plaintiff in this case because, in defending against the asserted bar of the statute of limitations, the plaintiff's defense incorporates challenging defendant Nelson's credibility and questioning defendant Nelson about his obstruction of the plaintiff in gaining knowledge that it had been injured. Thus, the Court concludes that it would not be fair to allow counsel for Mr. Nelson to prosecute Mr. Nelson's affirmative defense in Mr. Nelson's absence.

As stated by this Court in *Plattenburg v. Talley*, No. M2001–01779–COA–R3–CV, 2002 WL 1190090, at *2 (Tenn.Ct.App. June 5, 2002)(*no perm. app. filed*):

> We have addressed the propriety of an involuntary dismissal pursuant to Tenn. R. Civ. P. 41 in several cases, and the rule which has developed is that while

dismissal as a sanction is harsh and not to be taken lightly, the trial courts must still have this option in making such decisions when warranted in order to control their dockets, penalize uncooperative parties, and deter other parties from acting similarly.

*Plattenburg,* 2002 WL 1190090, at *2 (citations omitted). Based upon the above, it appears that Mr. Nelson represented both to Orlando Residence and to the trial court that he would be present at trial. Despite this, Nelson apparently did not intend to attend the trial and this fact was not communicated to Orlando Residence or the trial court until after the docket was called. As reflected in its order, the trial court found that the circumstances surrounding Mr. Nelson's failure to personally appear at trial caused such prejudice to Orlando Residence that it justified the dismissal of Mr. Nelson's affirmative defense. Although Mr. Nelson now contends that the trial court acted in error, we note that, for whatever reason, he has failed to file either a transcript of the hearing or a statement of the evidence in this case. "In the absence of a transcript or statement of the evidence, a presumption arises that there was sufficient evidence to support the trial court's judgment." *In re Estate of Henderson,* 121 S.W.3d 643, 647 n. 5 (Tenn.2003) (citing *Mfrs. Consol. Serv. v. Rodell,* 42 S.W.3d 846, 865 (Tenn.Ct.App. 2000)). As a result, after a review of the record in this case, we cannot say that the trial court erred in dismissing Mr. Nelson's affirmative defense. We affirm.

### Conclusion

Based upon the foregoing, we affirm the trial court on all issues raised in this appeal. Costs of this appeal are taxed to Appellant, Kenneth E. Nelson, for which execution may issue of necessary.

## ORDER

Appellant Kenneth Nelson has filed a petition for rehearing in this cause. After due consideration, the petition is denied. Costs are taxed to the appellant, Kenneth E. Nelson.

IT IS SO ORDERED.