# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 27, 2011 Session

## ROY L. HAMILTON v. ELIZABETH K. HAMILTON

**Direct Appeal from the Chancery Court for Rutherford County**
**No. 99DR645     Don R. Ash, Judge**

**No. M2010-02329-COA-R3-CV - Filed October 28, 2011**

The trial court denied Father's petition to modify custody, restore telephone privileges, and re-evaluate income assignment. It found Father to be in contempt, and denied Mother's request for attorney's fees under Rule 11. The trial court awarded Mother a portion of her attorney's fees. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Roy L. Hamilton, *Pro Se*.

Frank Morriss Fly, Murfreesboro, Tennessee, for the appellee, Elizabeth K. Hamilton.

### MEMORANDUM OPINION[1]

Petitioner/Appellant Roy L. Hamilton (Mr. Hamilton) and Respondent/Appellee Elizabeth K. Hamilton (Ms. Hamilton) were married in October 1996. One child was born of the marriage in April 1998. Mr. Hamilton filed a complaint for divorce in May 1999, and the parties were divorced pursuant to a Final Decree of Divorce entered by the trial court on

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

September 3, 1999. Under the permanent parenting plan incorporated into the final decree, the parties' minor child resided primarily with Ms. Hamilton, and the parties had joint decision-making authority. Since entry of the final decree, the parties have maintained an on-going battle. In May 2000, Mr. Hamilton filed his first petition for change of custody, and the record before us contains a five-volume technical record that, with the exception of the first thirty pages, consists of the parties' post-divorce legal confrontations resulting in modifications to the parenting plan and to Mr. Hamilton's child support obligations. This appeal arises from a petition to modify custody filed by Mr. Hamilton in the Chancery Court of Rutherford County in August 2010; Ms. Hamilton's notice of lodging of a Qualified Domestic Relations Order (QDRO) on September 2, 2010, and Mr. Hamilton's motion to re-evaluate income assignment; the parties' cross-petitions for contempt; Ms. Hamilton's motion for Rule 11 sanctions; and Mr. Hamilton's motion to restore telephone privileges.

Following a hearing on September 7, 2010, the trial court entered a QDRO applicable to Mr. Hamilton's benefits from a General Motors pension on September 14, 2010. By order entered October 7, 2010, the trial court found there had been no substantial change of circumstances that warranted modification of custody. The trial court awarded Ms. Hamilton attorney's fees in the amount of $5,000 for defending against Mr. Hamilton's petition as provided by Tennessee Code Annotated § 36-5-103(c), and denied Mr. Hamilton's motion to re-evaluate income assignment and to restore telephone privileges. The trial court found that Ms. Hamilton's motion for Rule 11 sanctions was appropriate, but denied her request for attorney's fees under the Rule. Mr. Hamilton filed a notice of appeal on November 5, 2010. In December 2010, the trial court heard the parties' outstanding cross-petitions for contempt and Ms. Hamilton's motion to alter or amend. The trial court denied Ms. Hamilton's motion to alter or amend; granted Ms. Hamilton's petitions for contempt; and denied Mr. Hamilton's petition for contempt. The trial court entered judgment on the cross-petitions on December 16, 2010.[2] Oral argument was heard by the Western Section of this Court sitting in Nashville on September 27, 2011.

### *Issues Presented*

Mr. Hamilton presents the following issues for our review, as we perceive and re-word them:

---

[2]We note that record transmitted to us on appeal contains petitions filed in the trial court after entry of the trial court's December 16, 2010, order, including Ms. Hamilton's January 4 petition for contempt and Mr. Hamilton's February 2 petition to dismiss or amend the QDRO. However, we are satisfied that final judgment has been entered by the trial court on all matters raised during the litigation of Mr. Hamilton's August 2010 petition to modify custody.

(1)    Whether the trial court erred in denying Mr. Hamilton's petition to modify the parenting plan.

(2)    Whether the trial court erred in denying Mr. Hamilton's petition to re-evaluate the income assignment order.

(3)    Whether the trial court erred in denying Mr. Hamilton's petition to restore telephone privileges to previous levels.

(4)    Whether the trial court erred by finding that Rule 11 sanctions were appropriate, although it did not award Ms. Hamilton attorney's fees under the Rule.

(5)    Whether the trial court erred in awarding Ms. Hamilton $5,000 in attorney's fees.

### *Discussion*

We begin our discussion by noting that no transcripts have been filed with this Court on appeal. Additionally, although Mr. Hamilton filed a document with the trial court styled "Statement of [the] Eviden[ce]", this document is more accurately a partial statement of the case. A Tennessee Rules of Appellate Procedure Rule 24(c) statement of the evidence, "is a narrative record . . . of what transpired in the lower court proceedings." *Allen v. Allen*, No. W2010-00920-COA-R3-CV, 2011 WL 198516, at *3 (Tenn. Ct. App. Jan. 12, 2011)(citing Tenn. R. App. P. 24(c); *see also* Lawrence A. Pivnick, *Tennessee Circuit Court Practice*, Vol. 2, § 30.5 (2010)). In the absence of a transcript, it serves to describe what occurred in the proceedings before the trial court with respect to the issues raised on appeal. When neither a transcript nor proper statement of the evidence is included in the record on appeal, we presume that sufficient evidence was presented to support the judgment of the trial court. *E.g., Orlando Residence, Ltd. v. Nashville Lodging Co.*, 213 S.W.3d 855, 865 (Tenn. Ct. App. 2006).

In the one-half page argument section of his brief, Mr. Hamilton asserts only that he has been denied his "basic parental rights as stipulated by the original judge, based on his prior order," and requests that the case be assigned to another county. He cites us to no facts in the record which would demonstrate that the trial court erred in its judgment and, as noted, there is neither transcript nor statement of the evidence for us to review. Although he asserts the trial court erred, Mr. Hamilton presents nothing to support this assertion. Further, Mr. Hamilton provides no facts in support of his request for a change in venue from Rutherford County. Thus, this request is denied.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court.  Costs of this appeal are taxed to the Appellant, Roy L. Hamilton, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE