# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 15, 2011 Session

## DONNA F. SMITH THOMPSON v. AMERIQUEST MORTGAGE COMPANY

**Direct Appeal from the Chancery Court for Crockett County**
**No. 9415      George R. Ellis, Chancellor**

---

**No. W2011-00501-COA-R3-CV - Filed December 5, 2011**

---

Plaintiff filed a complaint seeking to set aside the foreclosure sale of her property. The trial court dismissed the case based on Plaintiff's failure to effect service of process on the Defendant. We affirm.

**Tenn. R. App. P. 3 appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Donna F. Smith, *Pro se.*

## MEMORANDUM OPINION[1]

This appeal arises from an action filed on October 19, 2010, by Donna F. Smith Thompson ("Ms. Thompson") against Ameriquest Mortgage Company ("Ameriquest") in

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Crockett County Chancery Court. In her complaint, Ms. Thompson alleged that her mortgage contract with Ameriquest was unregistered and forged. As such, Ms. Thompson asked the trial court to declare her mortgage contract null and void and set aside the foreclosure sale of her property.

The trial court conducted a status hearing to determine whether Ms. Thompson properly effected service of process on Ameriquest. On February 17, 2011, the trial court entered an order dismissing the case based on Ms. Thompson's failure to serve Ameriquest. Ms. Thompson timely filed a notice of appeal.

## Issue Presented

On appeal, the sole issue for our review is whether the trial court erred in dismissing the action for lack of service of process.

## Discussion

We begin our discussion by noting that the record on appeal does not contain a statement of the evidence or transcript of any of the trial court proceedings. Under Tennessee Rule of Appellate Procedure 24(b), "the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Where no such transcript is available, "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). In the case at bar, however, Ms. Thompson filed a notice pursuant to Tennessee Rule of Appellate Procedure 24(d), stating that she would not be filing a transcript or statement of the evidence. Consequently, "[i]n the absence of a transcript or statement of the evidence, a presumption arises that there was sufficient evidence to support the trial court's judgment." *Orlando Residence, Ltd. v. Nashville Lodging Co.*, 213 S.W.3d 855, 865 (Tenn. Ct. App. 2006) (quoting *In re Estate of Henderson*, 121 S.W.3d 643, 647 n.5 (Tenn. 2003) (citing *Mfrs. Consol. Serv. v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000))).

After reviewing the record, it appears that Ms. Thompson attempted to serve Ameriquest by serving the secretary of state pursuant to Rule 4B of the Tennessee Rules of Civil Procedure.[2] "[R]ule 4B(1), in effect, permits service on the secretary of state as the

---

[2]Rule 4B of the Tennessee Rules of Civil Procedure provides in part:

(continued...)

defendant's agent for service of process, whenever it is constitutionally permissible for the courts of the state to exercise personal jurisdiction over the defendant." Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2-5(b), at 2-64 to -65 (3d ed. 2009). The record contains an affidavit and endorsement from the secretary of state stating that certified

_____

[2](...continued)

(1) Whenever the law of this state permits service of any process, notice, or demand, upon a defendant outside the territorial limits of this state, the secretary of state may be served as the agent for that defendant. Service shall be made by delivering to the secretary of state the original and one copy of such process, notice, or demand, duly certified by the clerk of the court in which the suit or action is pending or brought, together with the proper fee. A statement that identifies the grounds for which service on the secretary of state is applicable must be included.

(2) The secretary of state shall endorse the time of receipt upon the original and copy and immediately shall promptly send, postage prepaid, the certified copy by registered or certified return receipt mail to the defendant, along with a written notice that service was so made. If the defendant to be served is a corporation, the secretary of state shall send the copy, along with a written notice that service of the original was made, addressed to such corporation at its registered office or principal office as shown in the records on file in the secretary of state's office or as shown in the official registry of the state or country in which such corporation is incorporated. If none of the previously mentioned addresses is available to the secretary of state, service may be made on any one (1) of the incorporators at the address set forth in the charter. The secretary of state may require the plaintiff or the plaintiff's attorney to furnish the latter address.

. . . .

(6) The refusal or failure of a defendant, or the defendant's agent, to accept delivery of the registered or certified mail provided for in subpart (1), or the refusal or failure to sign the return receipt, shall not affect the validity of such service; and any such defendant refusing or failing to accept delivery of such registered or certified mail shall be charged with knowledge of the contents of any process, notice, or demand contained therein.

(7) When the registered or certified mail return receipt is received by the secretary of state or when a defendant refuses or fails to accept delivery of the registered or certified mail and it is returned to the secretary of state, the secretary of state shall forward the receipt or such refused or undelivered mail to the clerk of the court in which the suit or action is pending, together with the original process, notice, or demand, a copy of the notice sent to the defendant corporation and the secretary of state's affidavit setting forth his or her compliance with this Rule. Upon receipt thereof, the clerk shall copy the affidavit on the rule docket of the court and shall mark it, the receipt or refused or undelivered mail, and the copy of notice as of the day received and place them in the file of the suit or action where the process and pleadings are kept, and such receipt or refused or undelivered mail, affidavit, and copy of notice shall be and become a part of the technical record in the suit or action and thereupon service on the defendant shall be complete.

copies of the summons and complaint were sent by registered or certified return-receipt mail to Ameriquest along with written notice that service was made. The certified mail was returned to the secretary of state's office, however, with the notation "MOVED LEFT NO ADDRESS." Thereafter, the secretary of state forwarded the returned mail to the clerk of the Crockett County Chancery Court.

Although the affidavit seems to comport with the secretary of state's duties under Rule 4B, we are unable to conclude that Ms. Thompson properly served Ameriquest. Ms. Thompson fails to provide us with any argument or citation to the record that would support our reversal of the trial court. In fact, Ms. Thompson's brief focuses solely on the merits of her case and asks this Court to rule in her favor despite her failure to properly serve Ameriquest.[3] Moreover, upon thorough review of the record, we note that the address for Ameriquest provided in the secretary of state's affidavit differs from the mailing address listed for Ameriquest on the deed of trust. In light of these inconsistencies, and in the absence of a transcript or statement of the evidence, we are unable to adequately review the trial court's reasons for refusing to accept Ms. Thompson's attempt to serve the secretary of state as an agent of Ameriquest. As noted above, when the record on appeal does not contain a transcript or statement of the evidence, we are "required to presume that the record, had it been properly preserved, would have supported the action of the trial court." *Allen v. Allen*, No. W2010-00920-COA-R3-CV, 2011 WL 198516, at *3 (Tenn. Ct. App. Jan. 12, 2011) (citing *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)). Accordingly, we find no error in the trial court's judgment.

**Conclusion**

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellant, Donna F. Smith Thompson, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3]Additionally, Ms. Thompson states in her brief that the trial court asked her to attempt to serve Ameriquest by publication. At oral argument, however, Ms. Thompson admitted that she did not attempt service by publication because she could not afford to do so at the time.