# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### March 21, 2012 Session

## JRM INVESTMENTS, INC. v. NATIONAL STANDARD, LLC

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006118-10      Gina C. Higgins, Judge**

_____

**No. W2011-01143-COA-R3-CV - Filed May 31, 2012**

_____

The circuit court granted the Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12.02(2) of the Tennessee Rules of Civil Procedure. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S., and J. STEVEN STAFFORD, J., joined.

David G. Mills, Cordova, Tennessee, for the appellant, JRM Investments, Inc.

Jere Robert Lee, Nashville, Tennessee, for the appellee, National Standard, LLC.

## OPINION

### I. Background and Procedural History

JRM Investments, Inc. ("JRM") is a Mississippi corporation with an office located in Shelby County, Tennessee. National Standard, LLC ("National Standard") is a Delaware corporation with manufacturing facilities located in Niles, Michigan and Stillwater, Oklahoma. National Standard's principal place of business is located in Niles, Michigan. Further, National Standard maintains a registered agent for service of process in Tennessee.

Transnet, Inc. ("Transnet"), a federally licensed property broker, is an Ohio corporation. In 2009, National Standard contracted with Transnet to arrange for the transportation of two shipments of its goods from its manufacturing facilities in Niles, Michigan to Roseburg, Oregon and to Vernon, California. Thereafter, Transnet contracted with two different motor carriers to transport the two agreed upon shipments. Upon

successful delivery of the shipments, Transnet paid each of the motor carriers. Unknown to Transnet, however, the two motor carriers contracted with DAL Transport, Inc. ("DAL"), an Oregon corporation, and ES Express Lines, Inc. ("ES"), an Illinois corporation, to transport the two shipments. Neither DAL nor ES received payment for transporting the two shipments of National Standard's goods. Subsequently, both DAL and ES assigned the unpaid accounts to JRM.

On July 27, 2010, JRM filed a civil warrant in the general sessions court of Shelby County against National Standard to collect on the unpaid accounts. JRM attached a document entitled "Sworn Statement of Account" to the civil warrant, in which it alleged that National Standard owed JRM, as the assignee of the accounts of DAL and ES, a total of $7,700 in unpaid freight charges. National Standard was served through CT Corporation System, its registered agent for service of process in Tennessee. In response, on October 13, 2010, National Standard filed a sworn denial of indebtedness.[1] Thereafter, on November 24, 2010, National Standard filed a motion to dismiss for lack of personal jurisdiction. On November 30, 2010, after conducting a hearing on the motion, the general sessions court granted National Standard's motion and dismissed the case. JRM appealed the case to the circuit court of Shelby County.

On January 24, 2011, National Standard filed a motion to dismiss in circuit court, supplemented by a memorandum in support of the motion on March 18, 2011, arguing that the case should be dismissed based on the doctrine of *forum non conveniens*, for lack of personal jurisdiction, lack of subject matter jurisdiction, and because JRM failed to comply with the Tennessee Collection Services Act. Also, National Standard filed multiple affidavits and exhibits to support its motion to dismiss. JRM filed a response to the motion, but did not include any supporting affidavits or other proof. On March 25, 2011, the circuit court conducted a hearing on the motion. Thereafter, on April 11, 2011, the circuit court granted National Standard's motion and entered an order dismissing the case. JRM timely filed a notice of appeal with this Court.

---

[1]Tennessee Code Annotated section 24-5-107 provides, in part:

> An account on which action is brought, coming from another state or another county of this state, or from the county where suit is brought, with the affidavit of the plaintiff or its agent to its correctness, and the certificate of a state commissioner annexed thereto, or the certificate of a notary public with such notary public's official seal annexed thereto, or the certificate of a judge of the court of general sessions, with the certificate of the county clerk that such judge is an acting judge within the county, is conclusive against the party sought to be charged, *unless that party on oath denies the account . . . .*

Tenn. Code Ann. § 24-5-107(a) (2000) (emphasis added).

-2-

## II. Issues Presented

JRM presents the following issues, as restated, for our review:

(1)     Whether the circuit court erred in dismissing the case for lack of personal jurisdiction,

(2)     Whether the circuit court erred in dismissing the case based on the doctrine of *forum non conveniens*,

(3)     Whether the circuit court erred in dismissing the case for violation of the Tennessee Collection Services Act, and

(4)     Whether the circuit court erred in dismissing the case for lack of subject matter jurisdiction?

## III. Discussion

On appeal, the dispositive issue presented for our review is whether the circuit court erred in dismissing the case for lack of personal jurisdiction. A trial court's decision to grant or deny a motion to dismiss for lack of personal jurisdiction under Rule 12.02(2) of the Tennessee Rules of Civil Procedure presents a question of law. Accordingly, we will review the trial court's decision *de novo*, with no presumption of correctness, for the purpose of determining whether the plaintiff established a *prima facie* showing of personal jurisdiction over the defendant. *Woodruff v. Anastasia Int'l, Inc.*, No. E2007-00874-COA-R3CV, 2007 WL 4439677, at *3 (Tenn. Ct. App. Dec. 19, 2007) *perm. app. withdrawn* (Apr. 7, 2008); *In re Clark*, No. W2005–01687–COA–R3–JV, 2007 WL 152537, at *10 (Tenn. Ct. App. Jan. 22, 2007) (*no perm. app. filed*). Ultimately, the burden is on the plaintiff to demonstrate that the trial court may properly exercise personal jurisdiction over the defendant. *Chenault v. Walker*, 36 S.W.3d 45, 56 (Tenn. 2001); *Davis Kidd Booksellers, Inc. v. Day-Impex, Ltd.*, 832 S.W.2d 572, 577 (Tenn. Ct. App. 1992). This burden, however, is ordinarily not a heavy one because the plaintiff need only demonstrate personal jurisdiction by a preponderance of the evidence. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 643 (Tenn. 2009) (citations omitted).

We begin our discussion by addressing JRM's argument that National Standard waived the defense of lack of personal jurisdiction because it failed to raise it before filing the sworn denial of indebtedness in the general sessions court. We disagree. An appeal from general sessions court to the circuit court results in a *de novo* trial with no presumption of correctness, and the matter is tried as if there had been no previous proceeding. *Hohenberg*

*Bros. v. Missouri Pacific R.R. Co.*, 586 S.W.2d 117, 119 (Tenn. Ct. App. 1979). Moreover, as previously explained by this Court in *Wachovia Bank Card Services v. Overton*, No. 03A01-9510-CV-00373, 1996 WL 64004 (Tenn. Ct. App. Feb. 15, 1996):

> Since the appeal from [General] Sessions Court was for a trial *de novo*, and the Rules of Civil Procedure became applicable to the case upon appeal, the Rules allow the defendant to raise all defenses, including a challenge to personal jurisdiction of the [Circuit] Court in either a pre-trial motion or a responsive pleading.

*Id.* at *2 (citing *Landers v. Jones*, 872 S.W.2d 674, 676 (Tenn. 1994)). Accordingly, we find that JRM's argument on this point is without merit.

Next, JRM argues that the circuit court erred in dismissing the case for lack of personal jurisdiction because National Standard maintained such continuous and systematic contacts with Tennessee that it was subject to general jurisdiction. As recently explained by our supreme court in *Gordon v. Greenview Hospital, Inc.*, 300 S.W.3d 635 (Tenn. 2009):

> [G]eneral jurisdiction may be asserted when the plaintiff's cause of action does not arise out of and is not related to the nonresident defendant's activities in the forum state. The threshold for satisfying the requirements for general jurisdiction is substantially higher than the requirements for establishing specific jurisdiction. An assertion of general jurisdiction must be predicated on substantial forum-related activity on the part of the defendant. The nonresident defendant's contacts with the forum state must be sufficiently continuous and systematic to justify asserting jurisdiction over the defendant based on activities that did not occur in the forum state.
>
> The general jurisdiction inquiry is very different from the specific jurisdiction inquiry. The United States Court of Appeals for the Fifth Circuit has pointed out that "[u]nlike the specific jurisdiction analysis, which focuses on the cause of action, the defendant and the forum, a general jurisdiction inquiry is dispute blind, the sole focus being on whether there are continuous and systematic contact between the defendant and the forum." In order to warrant the exercise of general jurisdiction over a nonresident defendant, "the defendant must be engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more offices there; activities that are less extensive than that will not qualify for general in personam jurisdiction."

The proper analysis for determining whether a defendant's contacts are "continuous and systematic" enough to warrant an assertion of general jurisdiction requires ascertaining whether "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities."

Questions involving whether a nonresident's contacts with the forum state are sufficient to warrant the exercise of general jurisdiction are extremely fact dependent. Determining whether it is appropriate to exercise general jurisdiction entails a careful, non-mechanical evaluation of the facts with particular focus on the nonresident defendant's contacts with the forum state.

*Id.* at 647-48 (internal citations omitted).

The only proof in the record offered by JRM regarding National Standard's contacts with the forum state is that National Standard maintained a registered agent for service of process in Tennessee, and that the registered agent's office is located in Tennessee. In response, National Standard contends that, although it does maintain a registered agent for service of process in Tennessee, it does not maintain any offices in Tennessee, nor has it engaged in any longstanding business in Tennessee to warrant the exercise of general jurisdiction. Further, National Standard supported its motion to dismiss with multiple affidavits and other documents to substantiate its position that it does not maintain continuous and systematic contacts with Tennessee.[2] JRM, however, failed to provide any affidavits or other materials to support its position that National Standard was subject to general jurisdiction. "[I]f a defendant supports its motion with affidavits, the plaintiff must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." *Gordon*, 300 S.W.3d at 644 (citing *Chenault v. Walker*, 36 S.W.3d at 56; *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 845-55 (Tenn. Ct. App. 2000)). JRM's failure to establish its *prima facie* showing with its own affidavits or other materials is fatal to its claim in this matter.[3] Accordingly, we find no error in the

---

[2]"Unlike Tenn. R. Civ. P. 12.02(6) motions for failure to state a claim that are supported or opposed by matters outside the pleadings and Tenn. R. Civ. P. 12.03 motions for judgment on the pleadings, Tenn. R. Civ. P. 12.02(2) motions are not converted to motions for summary judgment when either or both parties submit matters outside the pleadings either in support of or in opposition to the motion." *Gordon*, 300 S.W.3d at 643 (citing *Chenault v. Walker*, 36 S.W.3d 45, 55 (Tenn. 2001)).

[3]Moreover, JRM filed a notice in this matter pursuant to Tennessee Rule of Appellate Procedure 24(d), stating that it would not be filing a transcript or statement of the evidence conveying the events that
(continued...)

circuit court's decision to dismiss this action for lack of personal jurisdiction over National Standard. All other issues in this cause are pretermitted.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of the circuit court. Costs of this appeal are taxed to the Appellant, JRM Investments, Inc., and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3](...continued)
transpired in the circuit court below. Consequently, "[i]n the absence of a transcript or statement of the evidence, a presumption arises that there was sufficient evidence to support the trial court's judgment," *Orlando Residence, Ltd. v. Nashville Lodging Co.*, 213 S.W.3d 855, 865 (Tenn. Ct. App. 2006) (quoting *In re Estate of Henderson*, 121 S.W.3d 643, 647 n.5 (Tenn. 2003) (citing *Rodell*, 42 S.W.3d at 865)), and we are "required to presume that the record, had it been properly preserved, would have supported the action of the trial court." *Allen v. Allen*, No. W2010-00920-COA-R3-CV, 2011 WL 198516, at *3 (Tenn. Ct. App. Jan. 12, 2011) (citing *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)).